Scott, Judge,
delivered the opinion of the court.
This case involves the construction of the sixty-fifth section of the act concerning partition, which enacts that the *15 judge of' the court, before whom any case of partition is bad, shall allow a reasonable attorney’s fee in favor of the attorney or attorneys bringing the suit, which shall be collected and taxed as other costs.
The writ of partition is a necessary one, and it has always had a place in our system of jurisprudence among joint owners of some hind. But there is ground for the apprehension that it has been made the means of. depriving thousands of orphans of their patrimony. The common law knew no such thing as a sale in effecting a partition: Under it real estate could not be converted into money, whatever difficulties or disadvantages attended a division of it. It was not until a power of sale was given that the process of partition became of common occurrence — that power by which the crafty, the heartless and the avaricious ar'e enabled to convert the orphan’s inheritance into money, with the real but concealed purpose of becoming the purchaser of it, and that, too, in .many instances, on their own terms. Indeed the main purpose ' of a partition in many cases is to enable a minor to convert his real estate into money, a_ measure promoted by those who see the great gain that will result to them in its being done. Restore the common law, which only allowed ’a partition in kind and absolutely denied a sale in order to make a division of real estate among joint owners, and it may well admit of a doubt if that process would be resorted to in half as many cases as It is. at this time. We do not pretend that there are any circumstances in the case before us that would warrant the foregoing remarks, but they are made with a view to show that there is no reason why the courts should indulge any liberality in construing the provisions which the law concerning, partition contains for its execution.
We can not possibly see why a plaintiff to a suit in partition can not as well contract with his attorney, as to the amount of his fee, as in any other case. A reason can not be divined why the judge, in such cases, should fix the attorney’s fee, rather than in any others. If a minor is plaintiff *16 or defendant, he is represented by his nest friend or guardian,' who is competent to contract for him. There is, then, no necessity for the judge’s fixing the amount of the fee, as it is not to be supposed that the attorney is incapable of taking care of himself. Why should the law arbitrarily deprive a suitor of the right to make his bargain for a fee and leave it to a power that may injure and oppress him ? Why would the attorney rather prefer that the court should fix the amount of his fee, than that he should be left to contract for it ? That reason, whatever it may be, is a conclusive one why the suitor should not be deprived of the right to make his own bargain. This very case shows the danger of allowing the judge to fix the fee. As it stands before us, the sum of eighteen hundred dollars has been allowed to two attorneys for a fee; and in another suit, now here on appeal for dividing a portion of the same estate, a fee of seven hundred and fifty dollars was allowed to the same attorneys, thus making an amount of two thousand five hundred and fifty dollars for dividing one estate. We say nothing about the fees. The record does not show what services more than ordinary were rendered. It is enough for us that the cases are here for reversal on account oí the fees which the judge allowed. ■ .
In our opinion, the statute was only designed to allow an attorney’s fee to be taxed as costs, the judge seeing that it was reasonable, that it was not too great; leaving the attorney and client to contract for its amount, subject to the power of the judge to reduce it if he should be of the opinion that it was more than was reasonable. The law allowing the fee to be taxed as costs, thel-e is a propriety in this, as the guardian may not always be faithful to the interests of his ward, and as a party with a very inconsiderable share, knowing that his portion of the fee would be small, might be willing, at the expense of others, to allow an exorbitant fee to an attorney; for it is to be borne in mind that all parties to the suit, both plaintiffs and defendants, are liable for the fee in proportion to their respective shares in the estate sought to *17 be divided. That the judge is to allow the fee, is not at all inconsistent with the idea that' it is first to be agreed upon by the parties, as the only object in allowing it is that it may be taxed with the other costs.
This being our view of the statute; we are of opinion that the authority of the judge for ascertaining the amount of the fee allowed should appear upon the face of the record. As the statute never designed that he, in the first instance, should fix the amount of the fee, it should appear that it was done by the consent of the proper parties. An agreement that the'judge should fix it, entered of record, would be a sufficient authority. In mating such an entry the judge should have reasonable assurance^that the agreement has the assent, as well of those who contracted to pay as of those who are to receive payment. If a. plaintiff having an inconsiderable share should make an extravagant bargain, of course the court would not feel itself bound by any such engagement, but, in justice to those who will pay the greater part of the fee, will reduce it to a reasonable sum. This construction of the statute we deem necessary for the protection of parties in suits for partition ; as, otherwise, attorneys might, at the heels of a term, in the absence and without the knowledge of the parties, have exorbitant and ruinous fees allowed, for which there would be no redress ; as, the term being ended, the judgment could not be altered or amended at a subsequent one.
This judgment on its face not being warranted by law, as the facts do not appear which warranted the judge in fixing the amount of the fee, according to the well-settled course of decisions of this court it may be reversed on appeal or writ of error. The error being only as to costs, it will only be reversed for so much as relates to them. (2 Saun. 101.)
The law allows the'commissioners one dollar and a half for every day they are employed, in making partition, and their charges are to be reported'to the court.
We do not know on what ground we can allow the sur- *18 vcyor greater fees than, those prescribed by law for county surveyors.
Judge Ewing concurring,
the judgment is reversed and the cause remanded.