———O———

MONTGOMERY TUTT, et al., Plaintiffs in Error, vs. MICHAEL BOYER, Defendant in Error.

1. *Administration—Sales of lands to pay debts—Validity.*—The sales of lands by administrators will not be viewed with critical eyes by the courts as to matters of form, but their validity will be maintained where the directions of the statute have been substantially complied with.

2. *Administration—Administrators' sales of lands—Approval of by court, a final judgment for purposes of appeal.*—The approval of an administrator's sale of lands, by the court, is a final judgment from which an appeal can be taken, and it cannot be impeached collaterally, and cures defects in form of proceeding.

*Error to Henry County Court of Common Pleas.*

*W. T. Thornton, with Boon and Wright,* for Plaintiffs in Error.

I. The order of the court referred to in the administrator's

deed did not authorize the administrator to sell the land in controversy, and the sale of land without an order of court expressly conferring upon the administrator the power to sell, is void and passes no title, and the approval of such sale is a nullity. (1 W. S., 97, § 26; 1 Pet., 340; 7 Hill, 345; Thatcher vs. Powell, 6 Wheat., 124.)

The power referred to in the deed did not confer this authority, it only purported to authorize the sale of certain specific lands set out in the order; it reads "so much of the following lands as may be." The word "following" is here used as a word of limitation; it could only have been intended by the use of it to limit the authority to the land therein set out; if this had not been the intention, why use the word at all, or why describe the land, it would have been much easier to have entered a general order for the sale of all of the lands of the decedent, if the courts had so desired; the fact that it did not do so is proof conclusive that it did not intend so to do. But even had it been their intention, it could not have helped the cause, as they neglected to include the land in the order. (Mabie vs. Matteson, 17 Wis., 1; Ludlow vs. Park, 4 Ham., (Ohio) 5; Goforth vs. Longworth, 4 Ham., (Ohio) 129; Jackson vs. Esty, 7 Wend., 148; Bloom vs. Burdick, 1 Hill, 137; McComb vs. Waldron, 7 Hill, 345; Litchfield vs. Cudworth, 15 Pick., 23; Hays, *et al.*, vs. Jackson, 6 Mass., 154–5–6; Norton vs. Norton, 5 Cush., 524; Verry vs. McClellan, 6 Gray, 535; Smith's Probate Law, 146–57.)

This power is to be strictly construed, but even the most liberal construction would fail to benefit the defendant, because in construction, we are compelled to construe the *words used*, and not guess at what were the words intended to be used, and where there is no ambiguity, no outside evidence can be admitted. (2 Pars. Con., 5th Ed., 494, 495; Parkhurst vs. Smith, Willes, 332; 1 Green'l Evid., p. 328, § 277.)

The administrator is an executive officer, he is like a sheriff making a sale under execution, or under a " *Venditioni exponas,*" it is simply his duty to obey the writ as he finds it. " He cannot go beyond these commands or question their regularity." (Maupin vs. Emmons, 47 Mo., 308.)

Tutt, et al. v. Boyer.

*F. P. Wright*, for Plaintiffs in Error.

The administrator's authority to sell the real property of deceased persons for the payment of debts is entirely governed by the statute, and can only be conferred by an order from the Court doing Probate business. (Haynes vs. Meeks, 20 Cal., 288.)

The petition which the statute requires to be presented gives the Court jurisdiction of the subject matter, and the notice which the Court then orders to be published gives jurisdiction as to the persons (and this must appear of record) interested in the estate. (Corwin vs. Merritt, 3 Barb., 341.)

The order of the Court, and only the order, invests the administrator with the power to sell.

The statute does not leave it to the caprice of the administrator to determine what part of the real estate shall be sold, but clothes the Court with the sole power to determine the matter. The law is well settled that statutes conferring the power to sell, must be strictly complied with or the sale will be void. (Jarves vs. Russick & Botzold, 12 Mo., 68; Valle vs. Fleming, 19 Mo., 454; Strouse vs. Drennan, 41 Mo., 289.)

II. The Court did not order all the real estate to be sold. The lands in controversy are not included in the judgment or order of sale. But there must be an order for the sale of the very land sold or the proceedings will be void. (Shriver's lessee vs. Lynn, 2 How., 42.)

*Lay & Belch, with S. E. Price*, for Defendant in Error.

I. By the filing of the petition of the Administrator, for the sale of all the real estate of the decedent, or so much thereof as may be necessary for the payment of debts, even without being accompanied by the accounts and inventories required by law, the court acquired jurisdiction over all the lands of A. M. Tutt, deceased, situated in this State. (W. S., 94, § 10; Overton vs. Johnson, 17 Mo., 442,) and was authorized to order the sale of all such real estate, or any part thereof.

II. The statute did not require that the order should describe the lands to be sold either by metes and bounds or numbers. (W. S., 97, § 26.)

An order to sell the lands of the decedent without giving a description of them would have been sufficient. (Monk vs. Horne, 38 Miss., 100.)

III. In construing the order of court, as in the case of any other writing offered in evidence, the object is to get at the intention. It may be read by the light of surrounding circumstances, in order to more perfectly understand its intent and meaning. (1 Greenl. Ev., § 277.) And all contemporaneous writings relating to the same subject matter may be examined. (1 Greenl. Ev., § 283.)

The petition was for a sale of all the land, and it sets out what purports to be a list and description of all the lands to which A. M. Tutt was seized at the time of his death, and then states, that of the above lands the following had been levied on in attachment by Robert Allen, for the payment of a debt amounting to $2,513 00, and then describes 40 acres of the land in controversy correctly, and gives a description of 320 acres.

It is evident that by following the description of the petition, the court attempted to describe and intended to order a sale of all the lands of the decedent, and that the court intended to order a sale of the lands under attachment, as by law the proceeds of the sale of these lands had to be applied in the first place to the payment of the attaching creditor. (1 W. S., 95, § 12.)

After the sale of the land in controversy the court confirmed the sale, which ought not to have been done, unless there was an order of sale.

IV. The court having by the filing of a petition, acquired jurisdiction over all the real estate of the decedent including the land in controversy, had a right to decide every question respecting it, and its decision, whether correct or not, until reversed or set aside, is binding on all other courts. (Voorhees vs. Bank of U. S., 10 Pet., 449, 478; Grignon's lessee vs. Astor, 2 How., 319; 12 Wend., 553; 4 Wend., 440; Strouse vs. Drennan, 41 Mo., 289; Perry vs. Towl., 48 Mo., 148; Castleman vs. Relfe, 50 Mo., 593; Speck vs. Wohlein, 22 Mo., 310; Jackson vs. McGueder, *ante,* 55.)

ADAMS, Judge, delivered the opinion of the court.

The plaintiffs, as heirs at law of A. M. Tutt deceased, brought suit by ejectment against the defendant for certain lands in Henry County.

The defendant claimed the lands by virtue of a sale and deed made by the public administrator of Henry County, who as such was administrator of the estate of said A. M. Tutt, the ancestor of the plaintiffs, and under an order of the County Court of Henry County for the sale of the real estate for payment of debts, sold these lands and the defendant became the purchaser.

Under the instructions of the court, in effect pronouncing the administrator's sale and deed valid, the plaintiffs took a non-suit with leave, &c., and their motion to set it aside being overruled, they excepted and have brought the case here by writ of error. The material point raised and discussed here by the plaintiffs, is that the order of sale did not comprehend the lands in dispute. But when we look at the whole record of the proceedings in the County Court concerning the administrator's sale, we are forced to the conclusion that the lands, if not directly contained in the order, are embraced in it by necessary implication. A. M. Tutt, the ancestor, died largely indebted, and the administrator presented his petition to the County Court for the sale of his lands, and set forth a list of lands as belonging to the estate. These lands were not in that list; but in the same petition an attachment is alleged to exist on the lands in dispute, and they are referred to as being in the foregoing list—so it is evident from the petition that the administrator intended to embrace these very lands and did embrace them by reference to the existing attachment. The order of publication was general for the sale of so much of the land of the deceased as would be sufficient for the payment of the debt. Then the final order of sale refers to the order of publication as having been duly made, and proceeds to make the order of sale, and sets forth a list of lands to be sold which does not include the land in dispute, but evidently the court intended to include them, and by reference to the

order of publication, &c., these lands must be considered as embraced in the order. This was the construction put upon this order by the court and the administrator. Under this order, the administrator proceeded to have these identical lands appraised for sale, and advertised them as being in the order and sold them as such and the defendant bought them as being comprehended in the order. The administrator at the next term of the court after the sale made his report of sale, setting forth the whole proceedings as required by law, and this sale and report was approved by the court and a deed ordered to be made to the purchaser. There was no objection made by any one at the time the order for sale was made, nor was the report of the administrator of his sale objected to when presented for approval.

So there were two orders made in these proceedings from which the plaintiffs or any person interested might have appealed. But they have quietly rested, and seemingly acquiesced in all these proceedings, and instead of attacking them directly when it could have been done, desire now to call them in question and have them pronounced void in this ejectment. Although there is some conflict in the authorities as to what defects ought to render administrator's sales void in collateral proceedings, the tendency of the decisions of our own court is not to view them with a very critical eye, but to maintain their validity when the directions of the statute have been substantially complied with, (Overton, *et al.*, vs. Johnson, *et al.*, 17 Mo., 442; Jackson vs. Magrudor decided *ante*, p. 53 ; McVey vs. McVey, *ante*, p. 406).

In the case under review there has been no substantial defect brought to our notice sufficient to render this sale void in a collateral proceeding.

The objection to the appraiser's oath that another person's than Tutt's name was inserted in the affidavit is merely technical, as they were sworn to appraise the lands to be shown to them and did in fact appraise those identical lands.

The same remark may be made in regard to the advertisement, because the public administrator in the same advertise-

ment, includes the estates of several persons, to be sold. The approval of the sale was a final judgment from which an appeal might have been taken and cannot be impeached collaterally. This judgment has the effect of curing such defects. Upon the whole record, I think the judgment was for the right party.

Judgment affirmed. Judge Vories dissents. The other Judges concur.