PRICE, *Appellant*, v. THE SPRINGFIELD REAL-ESTATE ASSOCIATION

1. **Probate Courts:** JUDGMENTS OF: PRESUMPTIONS AS TO. The orders and judgments of the probate courts of this state as well as of the county courts, when they exercised probate jurisdiction, are entitled to the same favorable presumptions and intendments as are accorded to orders and judgments of circuit courts.

2. **Ejectment:** ADMINISTRATOR'S DEED: PRIMA FACIE CASE. Where a defendant in ejectment claims under an administrator's sale and deed, he need only show in the first instance the deed, the order of sale and the order of court approving the sale.

3. ———: ———: ———. It will be presumed from the deed and the foregoing orders, until the contrary is shown, that all the antecedent steps requisite for the sale were taken.

4. **Administrator Purchasing at His Own Sale:** BID: PRESUMPTION. Where an administrator under the law in force has a right to purchase at his own sale, whether public or private, by paying not less than three-fourths of the appraised value of the property, it will be presumed, in the absence of evidence to the contrary, that his bid complied with the law.

5. **Administrator's Sale, Approval of at Subsequent Term.** Where the law in force at the time does not require an administrator's sale to be approved at the term of court when the sale was made, an approval at a subsequent one is not irregular or erroneous.

6. ———: PREMATURE APPROVAL OF. A premature report and approval of an administrator's sale does not make the sale void; the report may be made and the sale approved at a term later than the one next after the sale

7. **County Court Justice**: PRESUMPTION. It will be presumed, in the absence of evidence to the contrary, that a justice of the county court complied with the requirement of the law that he should not sit in the determination of any matter in which he was interested.

8. **Administrator's Sale, Time and Place of**: RECITAL IN DEED. Where the law in force at the time governing administrators' sales does not require the deed to recite the date of the sale, nor that it was made during the session of the county or circuit court, the order of the court approving the sale will be regarded as better evidence that it was made at the proper time and place than any contrary recital in the deed.

9. —— : ——. The law not requiring the deed to state the time and place of the sale, that recital may be disregarded.

10. —— ; —— : PRESUMPTION. Where the administrator's sale occurred nearly forty-three years before suit was brought and it appeared that plaintiff and those under whom she claims never had actual possession of the land and that during that time the persons claiming under the administrator's deed paid taxes on the land and for a period of twenty years, before the commencement of the suit, exercised open acts of ownership over it, it will be presumed, until the contrary appears, that the administrator rightly performed his duties as to the time and place of the sale.

11. —— : —— : CLERICAL MISTAKE. Even if the law required a recital in the deed of the time and place of the sale, still, taking the recital in the deed in connection with the judgment of approval of the sale and the fact that the county court was in session on September 18, 1841, which was a date between the order of sale and the filing of the report, it would be presumed that the recital in the deed of September 11, 1841 (when the court was not in session), as the date of the sale was a clerical mistake.

*Appeal from Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

AFFIRMED.

*Boyd & Delaney* for appellant.

(1) The deed of Joshua Davis to Joseph Weaver did not pass the legal title; the legal title still remained vested in the heirs of D. B. Miller, deceased. *First.* It does not appear that a petition for sale of the land

was filed nor that the pretended sale was approved at the next term of the county court nor any order of the county court directing notice to be given to all persons in interest. *Teverbaugh v. Hawkins*, 82 Mo. 180; *Pattee v. Mowry*, 59 Mo. 161; 7 South. Law Rev. 651. *Second.* The county court of Greene county under the Acts of 1835 was a court of limited jurisdiction, and every jurisdictional fact must appear affirmatively. *Strouse v. Drennan*, 41 Mo. 289; *Mitchell v. Bliss*, 47 Mo. 353; *State v. Towl*, 48 Mo. 148; *Castleman v. Relfe*, 50 Mo. 583; *Gibson v. Vaughn*, 61 Mo. 418. (2) The record shows that Joseph Weaver was one of the judges of the county court, and being such he was incompetent to act as administrator. *Coffin v. Cattle*, 9 Pick. 483; *State v. Castleman*, 23 Ala. 85; *Ins. Co. v. Price*, 1 Hop. Ch. 1; Freeman on Judgments, [3 Ed.] sec. 144. (3) The sale was void because made on a day on which neither the circuit court nor county court of Greene county was in session. (4) The order of sale, the sale by Weaver, the report and approval thereof did not vest in the purchaser and those claiming under him an equity sufficient to defeat the claim of heirs or their grantees; the defendants are only entitled to the return of the purchase money. *Valle v. Fleming's Heirs*, 29 Mo. 152; *Evans v. Snyder*, 64 Mo. 516; *Sims v. Gray*, 66 Mo. 614; *Snider v. Coleman*, 72 Mo. 568; *Schafer v. Causey*, 76 Mo. 365; *Henry v. McKerlie*, 78 Mo. 416. (5) The judgment of the lower court should be reversed on the defense of the ten years' statute of limitations. (6) The act of February 27, 1874, does not defeat plaintiff's right of recovery. It has no application to the case at bar; if it did it would be unconstitutional.

*B. N. Massey* and *C. W. Thrasher* for respondent.

(1) The records and deeds offered in evidence show that the legal title to the land in controversy was well vested in respondent at the commencement of this

suit, and the deed from Joshua Davis, clerk, to Joseph Weaver, not being void, cannot be successfully attacked in this collateral proceeding, the judgments and orders of the county court within its jurisdiction being entitled to the same presumptions as the judgments of the circuit courts of this state. *Brooks v. Duckworth*, 59 Mo. 49; *Johnson v. Beasley*, 65 Mo. 250; *Sims v. Gray*, 66 Mo. 613; *Henry v. McKerlie*, 78 Mo. 416; *State v. Evans*, 83 Mo. 319; *State v. Young*, 84 Mo. 90; *Nave v. Todd*, 83 Mo. 601; *Camden v. Plain*, 91 Mo. 117; *Rowden v. Brown*, 91 Mo. 429; *McNitt v. Turner*, 16 Wall. 353; *Exendine v. Morris*, 76 Mo. 416; *Overton v. Johnson*, 17 Mo. 442. (2) Even without the deed from Joshua Davis, clerk, to Joseph Weaver, administrator of estate of Daniel B. Miller, deceased, the records and other deeds put in evidence by respondent, together with evidence of possession and occupation of, and exercising acts of ownership over, the land in controversy, by respondent and those under whom respondent claims, and the record of the county court of said Greene county, approving the sale and charging said administrator, Weaver, with two hundred and eighty dollars, the purchase money for said land, are sufficient to constitute an equity in respondent, which will defeat the recovery of appellant in this suit. *Grayson v. Weddle*, 63 Mo. 523; *Long v. Mining & Smelting Co.*, 68 Mo. 422; *Gilbert v. Cooksey*, 69 Mo. 42; *Henry v. McKerlie*, 78 Mo. 416, and cases there cited. (3) Upon the evidence in this case, the general statutes of limitations are a complete bar to this suit. *Draper v. Shoot*, 25 Mo. 197; *Fugate v. Pierce*, 49 Mo. 441; *Musick v. Barney*, 49 Mo. 558; *Turner v. Hill*, 60 Mo. 271; *Key v. Jennings*, 66 Mo. 356, 367; *Leeper v. Baker*, 68 Mo. 400, 407; *Gaines v. Saunders*, 87 Mo. 557; *Hickman v. Link*, 97 Mo. 482; *Crispen v. Hannovan*, 50 Mo. 536; *Jackson v. McGruder*, 51 Mo. 55; *Long v. Higginbotham*, 56 Mo. 245. (4) Under the evidence shown by the record in

this cause, the special statute of limitations contained in section 3225, Revised Statutes of Missouri, 1879, is a complete bar to this suit. *Mansfield v. Pollock,* 74 Mo. 185; *Rollins v. McIntire,* 87 Mo. 496; *Fairbanks v. Long,* 91 Mo. 628; Tyler on Ejectment, 928, 929, and cases cited. Similar special statutes of three years' limitation, concerning suits for land held under tax deed, have been declared valid and constitutional in this and other states. *Hill v. Atterbury,* 88 Mo. 114; *Mason v. Crowder,* 85 Mo. 526; *Edgerton v. Bird,* 6 Wis. 527; *Sprecker v. Wakeley,* 11 Wis. 432; *Lindsay v. Fay,* 25 Wis. 460; *Ocanto County v. Jeward,* 46 Wis. 326; *McMillan v. Wehle,* 55 Wis. 685. (5) The court below committed no error of which appellant can complain, in giving and refusing declarations of law on the trial of this cause. (6) On the evidence in this case, the judgment of the court below was manifestly for the right party, and should be affirmed. *Hedecker v. Ganzhorn,* 50 Mo. 154; *Jackson v. Magruder,* 51 Mo. 55; *Lewis v. Curry,* 74 Mo. 49; *Fitzgerald v. Barker,* 96 Mo. 661; *Anderson v. Shockley,* 82 Mo. 250; *Hoskinson v. Adkins,* 78 Mo. 537; *State ex rel. v. Edwards,* 75 Mo. 473.

*Adiel Sherwood* also for respondent.

1    The plaintiff must recover upon the strength of his own title, and not upon the weakness of that of his adversary. This is fundamental. *Foster v. Evans,* 51 Mo. 390; *Large v. Fisher,* 49 Mo. 307; *Robbins v. Eckler,* 36 Mo. 494; *Buxton v. Carter,* 11 Mo. 481; *Apel v. Kelsey,* 47 Ark. 413; 2 Greenleaf Ev., sec. 331; *Dawson v. Parham,* 47 Ark. 215. (2) The plaintiff has no standing in court on account of any irregularities, imperfections or defects, or failure to comply with the law, in the proceedings which resulted in the deed made to Joseph Weaver, by Davis, clerk of the

county court, because : *First*. The deed made to Weaver, administrator, for the land bought by him at his own sale was voidable only, and not void. Unless timely action in such cases be taken by heirs or devisees they are estopped and the title becomes absolute. The remedy is by bill in equity. *Curran v. Kuby*, 37 Minn. 330 ; *Montgomery v. Johnson*, 31 Ark. 74; *Harrington v. Brown*, 5 Pick. 519 ; *Gilbert's Appeal*, 78 Pa. St. 266 ; *Musselman v. Eshleman*, 10 Pa. St. 394. *Second*. The omission to give notice of application to sell, or to have an appraisal, or to advertise, are not errors which go to the jurisdiction. They are cured by the confirmation, and no defects can be shown collaterally. And directing a deed is sufficient confirmation. The presumption is that the application for the administrator's sale was made in accordance with the statute, and that the order directing the sale was valid and this although the record is silent as to notice. *Sims v. Gay*, 109 Ind. 501 ; *Livingston v. Cochran*, 33 Ark. · 294; *Apel v. Kelsey*, 47 Ark. 413 ; *Bell v. Green*, 38 Ark. 78. *Third*. An administrator's sale under an order of a court of competent jurisdiction cannot be impeached collaterally by showing that there were no debts against the estate. The legal presumption is that the personalty has been exhausted, and the court's judgment is not subject to collateral attack. *Curran v. Kuby*, 37 Minn. 330 ; *Camden v. Plain*, 91 Mo. 117; *McNair v. Hunt*, 5 Mo. 301. *Fourth*. The approval of the sale by the court passes an equity to the legal title and the heirs cannot maintain ejectment. The purchaser has perfect title by paying the purchase money and complying with the terms of sale. A subsequent approval is valid. *Henry v. McKerlie*, 78 Mo. 416 ; *Snider v. Coleman*, ·72 Mo. 568 ; *Long v. Joplin, etc., Co.*, 68 Mo. 422 ; *Grayson v. Weddle*, 63 Mo. 523. *Fifth*. The deed passed the title to Weaver and that title has since passed to *bona fide* purchasers without notice, and whatever defects, if any

there were in the deed, are now cured and all questions as to the title forever set at rest. *Somes v. Brewer*, 2 Pick. 183; *Jackson v. Henry*, 10 John. 184; *Blood v. Hayman*, 13 Met. 231; *Robbins v. Bates*, 4 Cush. 104. (3) Where there is conflicting evidence the facts will be taken as found. The judgment is conclusive if there is any legal evidence to support it. *Huckshorn v. Hartwig*, 81 Mo. 648; *Hamilton v. Berry*, 74 Mo. 176; *Dalton v. Bank*, 54 Mo. 105; *Scruggs v. Scruggs*, 41 Mo. 243; *Wall v. Shindler*, 47 Mo. 282; *Hamilton v. Boggess*, 63 Mo. 233; *Ramsey v. Henderson*, 91 Mo. 560; *Waddell v. Williams*, 50 Mo. 216; *Allen v. Jones*, 50 Mo. 206; *Carmichael v. Cox*, 85 Ind. 151; *Schad v. Sharp*, 95 Mo. 573; *Ogleboy v. Corby*, 96 Mo. 285; *Caruth v. Richeson*, 96 Mo. 186; *McCallister v. Sigler*, 116 Ind. 476; *Cole v. Parker*, 70 Mo. 372. (4) Where rejected evidence would not change the result, or where erroneous instructions work no prejudice, the judgment being for the right party, will be affirmed. Especially, is this true where the case is tried by the court sitting as a jury. Every presumption is in the court's favor. *Mason v. Mason*, 102 Ind. 38; *Edwards v. Parker*, 28 Kan. 700; *Railroad v. Grimes*, 38 Kan. 241; *Dalby v. Snuffer*, 57 Mo. 294; *Dorr v. School District*, 40 Ark. 243; *Fairbanks v. Long*, 91 Mo. 628; *Whitaker v. Voorhees*, 38 Kan. 71; *Felix v. Scharnweber*, 119 Ill. 446. (5) The defense of the statute of limitations is well taken. Any deed, however defective it may be, and even void, which contains a correct description of the property and purports to convey it, gives the grantee "color of title." *Bracken v. Jones*, 63 Texas, 184; *Jackson v. Wheat*, 18 Johns. 44; *Jackson v. Newton*, 18 Johns. 355; *Northrop v. Wright*, 7 Hill. 476; *Bradstreet v. Huntington*, 5 Pet. 401; *Humbert v. Church*, 24 Wend. 587; *Brook v. Bruyn*, 35 Ill. 392; *Clements v. Lampkin*, 34 Ark. 598; *Liddon v. Hodnett*, 22 Fla. 442. (6) The deeds to those under whom the

plaintiff claims having been made when the grantors were out of possession are void as against defendant and those under whom it claims. *Livingston v. Proseus*, 2 Hill. 526; *Wickham v. Conklin*, 8 John. 220; *Webb v. Thompson*, 23 Ind. 432; *Foxcraft v. Barnes*, 29 Me. 128; *Parker v. Canals*, 3 Met. 91; *Hearick v. Doe*, 4 Ind. 164.

BLACK, J.—This is an action of ejectment for thirty acres of land near Springfield in Greene county. Plaintiff appealed from a judgment in favor of the defendant.

It is admitted that Daniel B. Miller died seized of the land in 1839 or 1840. In 1869 and 1870 the heirs of Miller made deeds of quitclaims to John C. Price, and the plaintiff claims under the last will of Price.

The defendant for a record title put in evidence a deed from Joshua Davis, clerk of the county court of Greene county, to Joseph Weaver, dated the fourth of May, 1843, from which it appears Weaver, as administrator of the Miller estate, sold eighty acres of land, of which the land in suit is a part, and he became the purchaser at his own sale; a sheriff's deed dated the fourteenth of September, 1855, made by virtue of proceedings duly had in the partition of the real estate of Joseph Weaver, conveying to Joseph Farrier the thirty acres in question; also other deeds showing a chain of title from Farrier to the defendant. This suit was commenced on the thirteenth of April, 1886, and a further defense is the statute of limitations.

There is no evidence showing, or tending to show, that plaintiff, her testator or the Miller heirs ever had actual possession of the thirty acres, or any part of it. On the other hand it is shown that Farrier began cutting firewood from the land in 1864. Like acts of ownership have been continued by him, and those claiming from and under him, down to the commencement of this suit, though it does not appear that the

land has ever been cleared or cultivated. Defendant and those under whom it claims have paid all of the taxes assessed against the property from 1841 to 1883. It is unnecessary to set out with more detail the evidence on the issue of adverse possession; for the instructions given are so inconsistent that it is impossible to tell on what theory the court decided the case, it having been tried by the court without a jury. If the administrator's deed is a valid conveyance, and must be so declared as a matter of law on this record, then the judgment must be affirmed, without any regard to the instructions.

The deed from the county clerk to Weaver is, as has been said, dated the fourth of May, 1843. It recites a public sale made by Weaver as administrator of the estate of Daniel B. Miller on the eleventh of September, 1841, pursuant to an order of the county court made on the sixth of August, 1841, and that Weaver, being the highest bidder, became the purchaser of the eighty acres at the price of two hundred and eighty dollars. The defendant also put in evidence three orders of the county court to the following effect: One made on August 6, 1841, directing the administrator to sell the eighty acres of land to the highest bidder at the court-house door on a credit of nine months, to pay the debts of the Miller estate; one dated the third of November, 1841, showing that Weaver as administrator exhibited the sale bill for the eighty acres of land sold according to the previous order of the court, and directing that he be charged with the sum of two hundred and eighty dollars, the amount for which the land was sold; and one dated the thirty-first of May, 1843, approving the sale and directing the clerk to execute a deed to Weaver.

There is no affirmative proof that these are all of the orders made by the court in the matter of this sale; and it was admitted on the trial that all of the papers filed in the matter of the Miller estate had been lost or destroyed.

1.   The plaintiff insists that, in order to sustain the administrator's sale, it devolved upon the defendant to show that the administrator filed a petition for the sale of the real estate, to produce an order of the court directing notice to be given to all parties in interest of the filing of such a petition, and to show that the administrator caused the property to be appraised.   These objections are all based upon the proposition that the county courts are courts of special and limited jurisdiction, and that all these matters must be shown in support of the administrator's deed.   Early cases are cited giving some support to the proposition, but the doctrine has long since been exploded.   Formerly county courts had, and probate courts now have, exclusive original jurisdiction in matters concerning the administration of estates of deceased persons.   It is now well-settled law that the orders and judgments of these courts are entitled to the same favorable presumptions and intendments that are accorded to the judgments of circuit courts.   The proceedings of our probate and county courts are no more open to collateral attack than are the proceedings of any other courts.   *Camden v. Plain*, 91 Mo. 117; *Rowden v. Brown*, 91 Mo. 429, and cases cited. Here the defendant put in evidence the deed, order of sale, and the order approving the same.   It was not necessary for the defendant, in the first instance, to make any other or further proof.   From the deed and those orders it will be presumed that all requisite antecedent steps had been duly and timely taken, until the contrary is made to appear.   These observations dispose of all of the objections before named.

2.   It is true the administrator became the purchaser at his own sale.   He had a right, under the law as it then stood, to purchase at his own sale, whether private or public, by paying not less than three-fourths of the appraised value of the property.   For the reasons before stated, it will be presumed that his bid was at least three-fourths of the appraised value.

3. The sale was reported to the county court at the November term, 1841, which must have been the next term after the sale, so that in this respect there was a full compliance with the law; but the objection is made that the sale was not approved until the May term, 1843. A complete answer is, that the law did not require the sale to be approved at the term when the report was made. The report having been made at the proper time, it stood as a pending matter until approved or disapproved. The approval at a subsequent date was not even irregular or erroneous, much less void. Besides all this a premature report and approval does not make the sale void, and the report may be filed and sale approved at a term later than the one next after the sale. *Sims v. Gray,* 66 Mo. 614; *Wilkerson v. Allen,* 67 Mo. 502; *Henry v. McKerlie,* 78 Mo. 429; *McVey v. McVey,* 51 Mo. 407.

4. An objection is based upon the fact that Weaver, the administrator, was one of the justices of the county court when the order of sale and of approval was made. The statute declares that no justice of the county court shall sit in the determination of any cause or proceeding in which he is interested; and, if the majority of the justices shall be interested in any case or proceeding pending before them, the same shall be certified to the circuit court. R. S. 1835 [3 Ed.] secs. 39, 41, p. 159. Two of the three justices had no interest whatever in this matter. It is not shown that Weaver took any part, as a member of the court, in these particular proceedings, and there is no presumption that he did participate in the disposal of them because he was present at the opening of court on each day. It must be presumed that he obeyed the law and dictates of common honesty. The objection has no merit in it.

5. The statute in force in 1841 provides that all public administrator's sales shall be made at the court-house door on some day while the circuit or county court is in session. The deed recites a public sale made

on the eleventh of September, 1841, but it does not state where the sale was made, nor that either court was in session. The proof shows that these courts were not in session on the eleventh of September, 1841, but it appears a special term of the county court was held on September 18 of that year. *Mobley v. Nave*, 67 Mo. 546, holds that an administrator's deed passed no title, because the sale was not made during the session of the probate, circuit or county court; and a like ruling was made in *Ainge v. Corby*, 70 Mo. 258, but in that case all of the proceedings including the report of the sale were in evidence. We do not regard these cases as controlling this one.

The statute of 1835 made it the duty of the administrator to make a full report of his proceedings, showing the certificate of appraisement, and a copy of the advertisement, and verified by affidavit. It is the duty of the court to approve or disapprove the report. If disapproved the sale is of no validity. If approved it is valid, and the administrator, or, where he is the purchaser, the clerk, is required to execute a deed "stating the date of the order of sale and the court by which it was made, and the consideration, and conveying to the purchaser," etc. "Such deed shall convey to the purchaser all the right, title and interest which the deceased had," etc. The object of requiring these sales to be confirmed is that the court will look through the report, appraisement and advertisment, and see that the administrator has complied with the order of sale and the law. The approval is a judgment and implies a finding that the proceedings of the administrator have been conducted according to the law and order of sale. This court in *Tutt v. Boyer*, 51 Mo. 425, when speaking of alleged defects in the appraisement and advertisment, said: "The approval of the sale was a final judgment from which an appeal might have been taken and cannot be impeached collaterally. This judgment has the effect of curing such defects."

It is to be further observed that the statute before quoted only required the deed to recite: *First*. The order of sale; *second*, the court by which it was made; *third*, the consideration. It did not require the clerk to state the date of the sale, nor that the sale was made during the session of the county or circuit court. In these respects the statute is materially different from those of 1845 and subsequent revisions. R. S. 1845, sec. 34, p. 88. The clerk, therefore, in stating the date of the sale made a recital which the law did not require him to make.

Now we do not say that the order approving the sale precludes all inquiry as to whether the sale was made during the session of the county or circuit court; but we do say it is, in the absence of the report of sale, better evidence that the sale was made at the proper time and place than any contrary recital in the clerk's deed. The law not requiring him to state the time and place of the sale, that recital may be disregarded. This sale was made nearly forty-three years before the commencement of this suit. The plaintiff, and those through whom she claims, have never had the actual possession of the thirty acres in question. During that time the persons claiming under the administrator's deed have paid taxes on the land, and for a period of twenty years before the commencement of this suit have exercised open acts of ownership over it. Under these circumstances it must be presumed that the administrator performed his duties until the contrary is made to appear. The presumption is no slight one either. The recital in the deed, being an unnecessary one, does not overcome the presumption, even if the law required a recital in the deed of the time and place of the sale, still taking the recital in this deed in connection with the judgment of confirmation and the fact that the county court was in session on the eighteenth of September, which was after the order of sale and before the

The State ex rel. Love v. The Hannibal & St. J. Ry. Co.

filing of the report thereof, it should be presumed that the recital of the time of the sale is a clerical mistake. *Jones v. Manly*, 58 Mo. 559. The administrator's deed is a valid conveyance, and the judgment should be and is affirmed. All concur.