OF THE

## STATE OF MISSOURI

AT THE

### OCTOBER TERM, 1911.

(Continued from Volume 237.)

## J. T. FERGUSON, Appellant, v. GEORGE C. ORCHARD and LEANDER F. NICKEY.

Division One, November 29, 1911.

1. **MOTION FOR NEW TRIAL: Must be Shown by Record: Appeal.** The record proper must affirmatively show that a motion for a new trial was filed within four days after the rendition of the judgment or decree appealed from, and also the action of the court thereon.

2. ———: ———: **Shown by Motion Itself.** Judgment was rendered for plaintiff, cancelling a note and deed of trust, on June 28, 1899. Thereafter defendants filed a motion for a new trial, and that paper has stamped upon it: "Filed July 3, 1899. Ed. L. Abington, Circuit Clerk;" but no entry was made on the circuit court record showing it was filed. Thereafter nothing more was seen or heard of the case for seven years; then the attention of the court was called to it, and it was continued from term to term until the trial, at which the motion was sustained, a second trial was had, and a decree entered for defendants. *Held*, that the motion shows it was not filed within four days after judgment, and there is no record entry showing it was ever filed, and the judgment rendered on June 28, 1899, was in full force and effect; and while so standing, unimpeached, the court had no lawful authority to retry the case.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard,* Judge.

REVERSED AND REMANDED.

*David W. Hill* for appellant.

The record in this case shows that judgment was rendered for the plaintiff on the 28th day of June, 1899, and the record, motion docket, as well as verbal testimony, all show that defendants never filed a motion for a new trial; and that no such motion for a new trial was ever sustained or overruled; and the circuit court was wholly without authority to again try this cause, over the objection of the plaintiff. Stark v. Zehnder, 204 Mo. 449.

*E. R. Lentz* for respondents.

(1) The parties were properly in court, a trial was had, a judgment rendered, a motion for new trial was filed, the case went off the docket, afterward the case was redocketed. By leave of court defendants filed an amended answer. By leave of court plaintiff filed an application to amend the answer. The case was twice continued by agreement, and once continued by the court of its own motion. Both parties announced ready for trial, introduced evidence and proceeded to judgment. Under these circumstances it makes no difference whether the motion for a new trial was sustained or not. Both parties and the court treated it as having been sustained. Plaintiff appeared and submitted himself to the jurisdiction of the court and is now estopped to deny the validity of the judgment on that account. Bank v. Armstrong, 92 Mo. 277; Gilstrap v. Felts, 50 Mo. 431; Emerson v. Harriett, 11 Mo. 413; Helm v. Bassett, 9 Mo. 413. (2) If plaintiff was not satisfied with the order of the court granting a new trial, he had his remedy by

appeal from that order.  He did not pursue that remedy, and he cannot now complain of the action of the court in granting the new trial.  R. S. 1899, sec. 806; R. S. 1909, sec. 2038.   (3) The plaintiff appeared at every step taken in the case from the redocketing of the case at the July term, 1905, down to the final judgment rendered at the October term, 1907.  He submitted himself to the jurisdiction of the court and asked a judgment anew.  He must either appear at the trial and abide the consequences or not appear. He cannot occupy an ambiguous position, partly appearing and partly not appearing.  He will not be permitted to occupy in this regard an ambiguous attitude, nor by the way attempted by this plaintiff, to appear, disappear or reappear, whenever he thinks it advantageous to do so.   Such feats of legerdemain, such thimblerig performances better befit another arena, and are not to be tolerated in a court of justice.  Tower v. Moore, 52 Mo. 120; Pry v. Railroad, 73 Mo. 128; Kranski v. Railroad, 77 Mo. 368; Barnes v. McMullins, 78 Mo. 277; Smiley v. Cockrell, 92 Mo. 112; Baker v. Railroad, 107 Mo. 239; Bensieck v. Cook, 110 Mo. 182; Myer v. Bristol Hotel Co., 163 Mo. 68.

WOODSON, J.—The appellant, Ferguson, instituted this suit in the circuit court of Butler county, in 1899, to cancel a certain promissory note for the sum of sixty-eight dollars, and a deed of trust given to secure the same, signed by him and payable to the respondent Nickey.  The respondent Orchard was the trustee named in the deed of trust.

Thereafter on June 28th of the same year, a trial was duly had which resulted in a judgment and decree in favor of the appellant, cancelling the note and deed of trust.

The record proper and the motion docket of that court, show that no motion for a new trial was ever

filed by the defendants, or that any such motion was ever overruled or sustained. More accurately speaking, said record proper and said motion docket do not show that any of those things was done.

Counsel for the defendants, the respondents here, sought to escape the judgment and decree mentioned by introducing in evidence a paper attached to the files in the case, which was in words and figures as follows:

"In the Circuit Court of Butler county; J. T. Ferguson, Plaintiff, vs. George C. Orchard and L. F. Nickey, Defendants, May Term, A. D. 1899.

"Now come the defendants and move the court to vacate and set aside the judgment heretofore rendered, to-wit, at the present term of this court, and grant a new trial therein, for the following reasons:

"1. The court erred in finding and rendering judgment for the plaintiff, on the pleadings in the said cause.

"2. The court erred in finding for the plaintiff and rendering judgment for the plaintiff on the evidence heard on the trial of the said cause.

"3. On the pleadings and the evidence heard in the said cause the judgment should have been for the defendant.

"R. F. SCOTT, and

"L. D. GROVES,

"Attorneys for Defendants."

Which paper has stamped on the back thereof the following words and figures: "Filed July 3, 1899, Ed. L. Abington, Circuit Clerk."

But as before stated, there is no record of the filing of a motion to set aside the judgment above mentioned, or grant a new trial and there is no record entry overruling or sustaining such a motion.

Nothing more was seen or heard of the case until April 17, 1906, some seven years afterwards, when the case was again called to the court's attention, and

it was by order of the court continued from term to term, to the October term, 1907, when a second trial was had, over the objections and protests, properly made by counsel for appellant, which resulted in a decree, this time, in favor of the respondents, dismissing the appellant's bill.

From this latter judgment, after taking the proper intermediate steps, appellant duly appealed the cause to this court.

The errors assigned are as follows:  . . .

"5.  The court erred in attempting to try this cause after a final decree had been entered for the plaintiff on the 28th day of June, A. D. 1899, which had not been appealed from and no motion for a new trial had been filed within four days after the entering of said decree, and because the record does not show that any motion for a new trial was ever sustained.

"6.  The court erred in requiring plaintiff, over his objection, to try this case again, in view of the facts stated above.

"7.  The court erred in its finding of facts.

"8.  The court erred in its conclusions of law.

. . .

"12  The court erred in overruling plaintiff's motion for a new trial."

The record proper must affirmatively show that a motion for a new trial was filed within four days after the rendition of the judgment or decree appealed from; also the action of the court thereon.   [Stark v. Zehnder, 204 Mo. l. c. 449.]

In the case at bar, it is conceded, that the record proper discloses no such entries; but counsel for respondent seek to supply those omissions by introducing in evidence a paper, attached to the files, or judgment roll, purporting to be a motion for a new trial, but the record proper does not show that it was ever

filed; however, the paper itself bears on the back of it a filing mark of July 3rd, 1899.

Clearly that does not meet with the requirements of the law.

Upon that state of the record, the judgment of the court rendered June 28th, 1899, was in full force and effect; and while so standing, unimpeached, that court had no lawful authority to retry the cause, as it did, on October 24th, 1907. Its conduct in that regard was clearly erroneous, for which we reverse the judgment and remand the cause. All concur.