#### OF THE

## STATE OF MISSOURI

#### AT THE

## APRIL TERM, 1924.

---

*(Continued from Vol. 304.)*

---

In Re Petition of A. M. REYNOLDS et al., Petitioners; J. E. POTTS et al. Appellants.

#### Division One, July 31, 1924.

1. **PUBLIC ROAD: Establishment: No Exceptions: Appeal to Circuit Court: Dismissal.** If no exceptions are filed in the county court to the report of the board of commissioners appointed to assess damages, the matter of establishing a public road cannot be removed or an appeal allowed to the circuit court. The express provision of Section 10630, Revised Statutes 1919, that if no party in interest files exceptions to the report within ten days "the county court shall retain jurisdiction of the cause" and on payment of the damages "shall order the road established," is a positive command of such definite, final and preclusive character that it necesarily excludes any other method, by appeal or otherwise, for the transfer or removal of the cause to the circuit court, except that provided by Section 10629, which permits a removal of the cause only "upon the filing of written exceptions within the time specified," and if no such exceptions are filed the appeal, if allowed by the county clerk, should be dismissed by the circuit court.

2. ———: ———: ———: **Dismissal of Cause.** Where the appeal from the county court in the matter of establishing a public road has been properly dismissed, because no written exceptions to the report of the commissioners appointed to assess damages were filed in the county court by any party in interest, that dismissal necessarily requires that appellants' motion to dismiss the cause be overruled. Since the circuit court had no jurisdiction of the cause,

which by the express provision of the statute was retained by the county court, the circuit court cannot sustain a motion filed therein to dismiss the cause.

Headnotes: 1, Highways, 29 C. J. secs. 119, 164; 2 Highways, 29 C. J. sec. 181.

Appeal from Lincoln Circuit Court.—*Hon. Edgar B. Woolfolk,* Judge.

Affirmed.

*Grover C. Huston* and *Killam & Avery* for appellants.

(1) The court erred in sustaining plaintiffs' (petitioners') motion to dismiss appellants' appeal from the final order and judgment of the county court condemning appellants' land and ordering the road opened, because: (1) Said order and final judgment was a judicial determination of the matter by the county court and therefore reviewable on appeal to the circuit court. State ex rel. v. Wiethaupt, 238 Mo. 155, 167; Naeglin v. Edwards, 228 S. W. 766; Aldridge v. Spears, 101 Mo. 400, 406; Colville v. Judy, 73 Mo. 651; In re Incorporation of Uniondale, 203 S. W. 508; Kings Lake Drainage District v. Jamison, 176 Mo. 557; Scott County v. Leftwich, 145 Mo. 31. (2) Appellants were entitled both under the statutes and decisions of this court, to appeal from the final judgment of the county court. Secs. 2436, 2584, R. S. 1919; Clark v. Kilbride, 282 Mo. 101; Platte County v. Locke, 294 Mo. 207; In re City of Uniondale, 225 S. W. 986; Colville v. Judy, 73 Mo. 653; State ex rel. v. McElhinney, 246 Mo. 54; Fitzmaurice v. Turney, 256 Mo. 187. (3) Failure of appellants to file exceptions to report of commissioners under provisions of Sec. 10629, R. S. 1919, did not prevent them from taking appeal from the final judgment of the county court. Secs. 2436, 2584, R. S. 1919; Clark v. Kilbride, 282 Mo. 101. Section 10629 is merely a limitation in the specific case with which it deals on the general right of appeal given by Section 2584. Clark v. Kilbride, 282 Mo. 101.

*Creech & Penn* for respondents.

The appeal from the county court was properly dismissed by the circuit court because it did not effect a transfer of the cause from the county court to the circuit court at the time or in the manner provided by law. Sec. 10629, R. S. 1919. And as the transfer was not made in conformity to said section, the jurisdiction was not transferred to the circuit court, but was retained by the county court. Sec. 10630, R. S. 1919. Appellants rely on Sections 2436 and 2584 to sustain their appeal, but those sections are repealed by Section 10629, which provides an exclusive method of appeal in the character of case in hand; its provisions are repugnant to the old sections, and it is a revision of the whole subject-matter of appeal in this class of cases and is a substitute for the old provisions of the law. 36 Cyc. 1073, 1077; Bishop's Stat. Laws, secs. 154, 168; State v. Draper, 47 Mo. 29; Pool v. Brown, 98 Mo. 675; State v. Taylor, 186 Mo. 615; Merriwither v. Love, 167 Mo. 514; Maret v. Huff, 185 S. W. 544; Wrightsman v. Gideon, 247 S. W. 142; Poindexter v. Pettis County, 246 S. W. 40; State v. Dalton & Fay, 134 Mo. App. 517; Smith v. State, 14 Mo. 147; State v. Roller, 77 Mo. 120.

JAMES T. BLAIR, P. J.—A. M. Reynolds and others petitioned the County Court of Lincoln County to open and establish a public road. The subsequent proceedings resulted in an order in accordance with the prayer of the petition. The present appellants filed an affidavit of appeal, and the county clerk attempted to allow an appeal to the circuit court. In that court a motion to dismiss the appeal was filed and sustained. From the judgment which followed, the present appeal to this court was taken.

The county court found, among other things, the required notice had been given, no remonstrance had been

filed or presented, and the "proposed new road is a public necessity and . . . is practicable, and that the facts justify the establishment of the proposed road at the expense of the petitioners," and ordered the highway engineer to "view, mark out and survey" the road, take relinquishments, report damages claimed and estimate costs of construction, as the statute provides. After the engineer's report had been filed and approved, commissioners were appointed who qualified and subsequently filed their report. To this report no exceptions were filed and it was approved by the county court. Appellants then filed their affidavit and bond for appeal, which the clerk approved, and "ordered that an appeal be granted the appellants to" the circuit court. The petitioners, respondents here, moved in the circuit court to dismiss the appeal because: (1) appellants had raised no issue of fact or law in the county court; (2) appellants had filed no remonstrance; (3) no exceptions to the report of the commissioners had been filed by any one in the county court; and, therefore, (a) the "said report became the final determination of the amount of damages due appellants or any other party to the proceeding," and (b) "the county court retained jurisdiction of the cause, and the appellants were entitled to no appeal from the order of the court, opening and establishing the said road." Two days later the appellants filed in the circuit court their motion to dismiss *the cause.* Numerous grounds are contained in this motion. Some of these go to the jurisdiction of the county court and some set up irregularities in procedure. The trial court considered both motions at the same time. It sustained the motion to dismiss the appeal and overruled the motion to dismiss the cause. In this court appellants contend the trial court erred in (1) dismissing the appeal and (2) refusing to dismiss the cause.

I. The trial court was right in sustaining the motion to dismiss the appeal. Though the present stat-

ute does not expressly give a name to the method where-
**Appeal.** by a proceeding to open a public road is taken
from the county court to the circuit court, yet it
provides a way for the removal of such a proceeding,
and the word "appeal" is a not inappropriate description
of the process. The sections (Secs. 10629, 10630, R. S.
1919) which apply to this case provide:

"Sec. 10629. Within ten days after the filing of the
report of the board of commissioners, any party in in-
terest, including guardians of minors and insane per-
sons affected by the proceedings, petitioners, and the
county, may file written exceptions thereto. Upon the
filing of written exceptions within the time specified,
the county clerk shall forthwith make up a complete tran-
script of the records of the county court in said proceed-
ings, and transmit the same, together with the original
files, to the clerk of the circuit court of the county wherein
the proceeding is pending. The circuit clerk shall file
and docket said cause, and the same shall be triable at
the same term, or the next regular or adjourned term
of said court, after ten days from the date of filing. The
circuit court shall proceed to hear and determine said
cause anew as other causes are determined, except that
no commissioners shall be appointed by it, and six quali-
fied jurors may constitute a jury for the trial of the ques-
tion of damages in said cause, but the court shall deter-
mine and declare by its judgment whether said road shall
be established, and if established, whether at the expense
of the county, or the petitioners, or both, and the judg-
ment rendered in said cause shall not be reviewed on
appeal or by writ of error. If the judgment is for the
establishment of the road, a certified copy of the same
shall be made by the circuit clerk and forthwith trans-
mitted to the county clerk, and he shall record same as
in the next succeeding section provided. The losing ex-
ceptors shall be adjudged to pay all costs of the pro-
ceeding had by reason of said exceptions.

"Sec. 10630. If none of the parties in interest file exceptions to the report of the commissioners within the time fixed by the next preceding section, the county court shall retain jurisdiction of the cause, and at its first sitting thereafter the court shall pay the damages awarded, or if the court refuses to pay them, and the petitioners pay them, the court shall order the road established, and said order and the report of the highway engineer thereon shall be recorded by the clerk of the county court in a book to be provided and kept for that purpose."

It appears from these sections that a transfer, under them, of a case like this from the county to the circuit court is conditioned upon the filing of exceptions to the report of the commissioners and that it is expressly provided that "if none of the parties in interest file" such exceptions "the county court *shall retain jurisdiction* of the cause, and at its first sitting thereafter shall" proceed to "order the road established" upon the payment of the damages awarded. Neither appellants nor any one else filed exceptions. They do not claim to have proceeded under Sections 10629 and 10630, nor that their appeal is supported or justified by those sections. Their position is that in a case like this an appeal lies under Sections 2436 and 2584, Revised Statutes 1919. The first of these defines the jurisdiction of circuit courts. The provision in Section 2436, upon which appellants rely, reads: "The circuit courts in the respective counties in which they may be held shall have power and jurisdiction as follows: . . . Fourth: Appellate jurisdiction from the judgments and orders of county courts . . . in all cases not expressly prohibited by law." Section 2584 is a general section, defining the manner of prosecuting appeals and the procedure thereon in the circuit court.

The express provision in Section 10630 that if no party in interest files exceptions to the report within ten days "the county court *shall* retain jurisdiction of the cause" and on payment of the damages "*shall* order

the road established'' is a positive command of such definite, final and preclusive character that it necessarily excludes the application of any other method of transfer of the case to the circuit court. Even under a section less restrictive in terms this court held that the road law, in the matter of opening and vacating public roads, ''makes its own provisions in respect of appeals and allows them in specified cases. The clear and necessary inference is that appeals are denied from all other orders in these road matters.'' The court was responding to an argument that Sections 1102 and 1210, Revised Statutes 1879 (now Secs. 2436 and 2584, R. S. 1919) authorized appeals other than those provided for in the road law itself. [Aldridge v. Spears, 101 Mo. l. c. 405, 406, 40 Mo. App. l. c. 530; Whitehead v. Stoddard Co., 29 Mo. l. c. 139, 140.]

Appellants cite decisions. In State ex rel. v. Wiethaupt, 238 Mo. l. c. 165 et seq.; Fitzmaurice v. Turney, 256 Mo. l. c. 188; State ex rel. v. McElhinney, 246 Mo. l. c. 54, and Colville v. Juddy, 73 Mo. 653, it was held that Section 10440, Revised Statutes 1909 (the predecessor of Secs. 10629, 10630, R. S. 1919) did not apply to appeals in proceedings to establish *private* ways or roads, and did not, therefore, withdraw them from the operation of Section 3956, Revised Statutes 1909, now Section 2436, Revised Statutes 1919. Platte Co. v. Locke, 294 Mo. l. c. 212, 213; In re City of Uniondale, 203 S. W. 508, 225 S. W. l. c. 986; Scott County v. Leftwich, 145 Mo. l. c. 31; and King's Lake D. & L. Dist. v. Jamison, 176 Mo. 577, do not involve the question in this case. In Clark v. Kilbride, 282 Mo. l. c. 104 et seq., this court did not hold that Section 4091, Revised Statutes 1909 (now Sec. 2436, R. S. 1919), authorized appeals not authorized by Section 10440, which then provided for appeals in proceedings to open public roads. It did hold that Section 10440 was a limitation on ''the general right of appeal given by Section 4091'' and that such appeal was ''subject to the specific limitations imposed by Sec-

tion 10440.'' In Naeglin v. Edwards, 228 S. W. (Mo.) l. c. 766, the proceeding was under Section 10636, whereby a county court is, in certain exigencies, empowered to institute proceedings and condemn land and materials for public road purposes. The question whether an appeal in a proceeding of that kind is governed by Section 10629 or Section 2436 is quite different from that in this case.

II. Appellants urge that the trial court erred in overruling the motion to dismiss the *cause*. Respondents insist this ruling of the court was right and should be affirmed, despite the fact that, as they contend and we hold, their motion to dismiss the appeal was properly sustained. The trial court had no jurisdiction to rule on any question in this case because the case never reached that court. It is for that reason the appeal was dismissed. We have no doubt that it was for this reason and on this ground that the trial court overruled the motion to dismiss the cause. The dismissal of the appeal disposed of the matter. The judgment of dismissal of appeal from the county court is affirmed. All concur.

Dismissal of Cause.