In re Estate of George M. Swope, Bank of Forest City, Appellant, v. Lester Pettijohn, Respondent.—99 S. W. (2d) 154.

Kansas City Court of Appeals. November 9, 1936.

*E. E. Richards, Pettijohn & Eiser* and *Robison & Robison* for appellant.

*Petree & Wright* for respondent.

CAMPBELL, C.—The probate court of Holt county on December 29, 1931, appointed Elmer E. Swope administrator of the estate of George M. Swope, deceased.

The inventory of the estate filed by the administrator shows personal property of the value of $548 and real estate of the value of $8000. Demands in the amount of $2747.06 were allowed against the estate. One of the demands in the sum of $1725.40 was in favor of the Bank of Forest City, plaintiff herein. The first settlement of the administrator was filed during the November term, 1932, of the probate court. The probate court upon examining the settlement made an order directing the administrator to sell the real estate of the deceased to pay the debt allowed against the estate.

The order of sale, the sufficiency of which insofar as form is concerned is not questioned, authorized the administrator to sell either at public or private sale. On February 1, 1933, appraisers, duly appointed and qualified, made report appraising the land at the sum of $5688. On the same day the administrator made report of sale, stating therein that he had sold the land at private sale to Lester Pettijohn, defendant herein, "at and for the price and sum of fifty-six hundred and eighty-eight dollars, one hundred dollars cash and the purchaser taking subject to encumbrances against said land and of record and all taxes accrued." Objections to the report were not filed. On February 11, 1933, the court approved the report of sale and ordered the administrator to execute a deed to the purchaser, Lester Pettijohn. The deed was executed on the same day. It is in the usual form, states that the consideration was the sum of $100 and is silent concerning liens and encumbrances.

On February 18, 1933, the plaintiff, Bank of Forest City, was allowed an appeal from the order approving the report of sale. The circuit court heard the cause and entered judgment disapproving and rejecting the report of sale. The defendant, Pettijohn, has appealed.

The defendant's first point is that the probate court had no power to allow the appeal for the reason that no objections were filed to the report of sale. An appeal may be taken from any order or judgment of the probate court "in all cases not expressly prohibited by law."

[Section 1938, Revised Statutes 1929; State ex rel. v. Wurderman, 227 S. W. 64, 66; Desloge v. Tucker, 196 Mo. 587; Tutt et al. v. Boyer, 51 Mo. 425, 430.] The appeal was not expressly prohibited and was therefore properly allowed.

The case of Wilson et al. v. Wynn et al., 94 S. W. (2d) 961, was a proceeding brought in the county court of Wright county for the vacation of a public road. A remonstrance was filed to the petition. The court heard the matter and ordered the road closed. The remonstrators caused an affidavit for appeal to be filed. The county clerk certified the record to the circuit court. The opinion in part reads as follows:

"The only statute giving the right to appeal from an order of the county court vacating a public road is section 7837, R. S. Mo. 1929, which provides for removal by adopting the same procedure as in the case of the establishment of a new road.

"The only provision for an appeal in a proceeding to establish a new road is found in section 7831, R. S. Mo. 1929, which permits a removal in case exceptions are filed. No attempt was made by the remonstrators to appeal the case as provided for in this section. In the case of In re Reynolds' Petition, 305 Mo. 1, 264 S. W. 663, an affidavit for appeal was filed, but no exceptions, and the Supreme Court upheld the action of the trial court in dismissing the appeal, but held that an appeal must be under said section 7831, R. S. Mo. 1929; and that an appeal could not be taken under the general statutes allowing appeals. Therefore, in our opinion, an appeal from an order vacating a public road must be governed by section 7837, R. S. Mo. 1929, and if this section does not authorize it, there is no provision for such appeal.

"In the case of In re Reynolds' Petition, supra, 305 Mo. 1, 264 S. W. 663, at page 664, the court in discussing this question said, as follows:

" 'The express provision in section 10630 (now 7832) that if no party in interest files exceptions to the report within 10 days 'the county court shall retain jurisdiction of the cause' and on payment of the damages shall order the road established, is a positive command of such definite, final, and preclusive character that it necessarily excludes the application of any other method of transfer of the case to the circuit court. Even under a section less restrictive in terms this court held that the road law, in the matter of opening and vacating public roads, 'makes its own provisions in respect of appeals and allows them in specified cases. The clear and necessary inference is that appeals are denied from all other orders in these road matters.' The court was responding to an argument that sections 1102 and 1210, R. S. 1879, now sections 2436 and 2584, R. S. 1919, authorized appeals other than those provided for in the road law itself.' "

The provision of section 7832 to the effect that unless exceptions are filed to the report of the commission "the county court shall retain jurisdiction of the cause," prohibits an appeal unless exceptions are filed. There is no such inhibition concerning appeals from the probate court.

This cause is in the nature of a proceeding in equity and will be determined *de novo* in this court. [In re Rash Estate (Rash v. Rash), 256 S. W. 525; Carder v. Carder, 60 S. W. (2d) 706; Perkins v. Silverman, 284 Mo. 283, 223 S. W. 895.]

The record further discloses that in October, 1903, George M. Swope, the then owner of the land described in the report of sale, executed a mortgage to Holt county to secure the payment of the sum of $3500 borrowed money; that in February, 1933, the amount of the debt mentioned in the mortgage was approximately $5500, and taxes against the land in the sum of approximately $500 were unpaid; and that in the conversation between the administrator and Pettijohn it was understood by both of them that the latter would pay the sum of $100 and assume the payment of the mortgage debt and the taxes. On the day the plaintiff received the deed he brought a suit against Holt county, alleged in his petition that he was the "absolute owner" of the land and that the defendant therein, Holt county, claimed to have some estate or interest in the land, the nature and extent of which he did not know, and prayed the court to define the respective rights of the parties in and to the land involved. That suit was dismissed February 16, 1933. The reasonable inference arising from the action of the defendant in instituting that suit, taken in connection with his failure to explain his conduct, is that he was contending that he had obtained absolute title to the land upon paying $100 and the taxes. The plaintiff bank also contends that the mortgage is invalid because of the lapse of time. [Section 865, Revised Statutes 1929.] Holt county was proceeding to foreclose its mortgage at the time of the sale by the administrator. It is plain there was a controversy concerning the validity of the mortgage. Holt county is not a party to this proceeding and, if it were, this court would not have jurisdiction. Hence the validity or invalidity of the mortgage cannot be determined on this appeal. If it be true that the mortgage is invalid, the defendant should not have the benefit of that situation.

The defendant argues that even though the appeal was properly allowed, the circuit court had no jurisdiction save "over matters fought out and litigated in the probate court." The circuit court proceeded as though it had original jurisdiction, determined the cause in the light of the facts disclosed by the evidence, and was not influenced by the finding and order of the probate court. This was

the proper procedure. [In re Ford, 137 S. W. 36; Rash case, supra; Silverman case, supra; Woerner on Admr., (2 Ed.), page 1207.]

The defendant assigns error to the action of the court in receiving evidence tending to show fraud and inadequacy of consideration. We do not find any evidence showing that fraud was practised on the probate court. The question of inadequacy of consideration, as that term is ordinarily used, is not applicable to the order in question. Neither the probate court, the circuit court nor this court has power to approve the report of sale if the land were sold for less than three-fourths of its appraised value. The certificate of appraisement stated that the appraisers fixed the value of the land at the sum of $5688. The report of sale said that the administrator sold the land to Lester Pettijohn for the sum of $5688, $100 cash "*and* the purchaser taking subject to encumbrances" against the land. (Italics mine.) In the trial in the circuit court it was shown that the purchaser agreed to pay and did pay to the administrator the sum of $100 and no more. If the mortgage were unenforcible the land "belonging to said estate" was not sold for three-fourths of its appraised value. The fact that a controversy existed concerning the validity of the mortgage, a controversy which we cannot determine, is a sufficient reason for disapproving the report of sale. The judgment is affirmed. *Sperry, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.