THERESA H. HAUSAMAN AND JOSEPH BAUER, v. BERTHA BRUCE, EX-
ECUTRIX OF ESTATE OF JOSEFINA WEISS, DECEASED.—185 S. W.
(2d) 32.

Kansas City Court of Appeals. December 4, 1944.

1174

*John P. Randolph* for appellant.

*Meyer & Smith* and *Fred M. Wanger* for respondents.

CAVE, J.—This is an appeal from a judgment of the Circuit Court of Buchanan County whereby the circuit court reversed the rulings of the probate court of Buchanan County overruling certain motions filed in the probate court by the respondents.

The case in the probate court was in the matter of the estate of Josefina Weiss, deceased. The motions were four in number. One sought to set aside an order of sale of real estate made for the payment of legacies. Another was in the form of exceptions to the final settle-

ment of the executrix and sought disallowance of twenty-nine items of credit shown in the semi-annual, annual, and final settlements. Another was a motion to set aside the order approving the final settlement, and the fourth was a motion to remove the executrix.

The circuit court overruled the motion to remove the executrix, but sustained the motion to set aside the sale of real estate and the probate court's order of sale; it also sustained the motion to set aside the order approving the final settlement and disallowed every item of credit shown in the semi-annual, annual and final settlements of the executrix except the usual publication, court costs and fees incurred during the course of administration, and further adjudged that the executrix be surcharged with the net amount of $1604.16.

We are immediately confronted with the contention of appellant that the circuit court acquired no jurisdiction of the appeal from the probate court for the reason that the appeal was not taken in the time allowed by the statute, and that the trial court erred in holding it had jurisdiction. Of course if the circuit court had no jurisdiction, we have none. It is also true that the question of jurisdiction may be raised at any time; in fact, the court has the duty to itself raise the question of its jurisdiction. Bowles v. Troll, 262 Mo. 377; State ex inf. Otto v. Hyde, 317 Mo. 714.

The application and affidavit for appeal filed in the probate court prays that an appeal be allowed from the orders of that court entered June 1, 1939, overruling the above motions, and the appeal was granted from such orders.

It is appellant's contention that the above motions served no function in probate procedure concerning the matters involved and that the orders of the probate court thereon were a nullity so that no appeal was either taken or allowed from any appealable orders of said court. She cites section 283, Revised Statutes of Missouri, 1939; Lucitt v. Toohey's Estate et al., 338 Mo. 343, 89 S. W. (2d) 662-664; State ex rel. May Department Stores Co. v. Haid, 327 Mo. 567, 38 S. W. (2d) 44, 57. It is argued that the above motions are not provided for in the Code of Procedure of probate courts and, therefore, serve no function whatever and could not extend the statutory time for taking an appeal from an order they sought to attack. Section 285, Revised Statutes of Missouri, 1939, governs the time for appeals from the probate court and provides: "All appeals shall be taken during the term at which the decision complained of is made, or within ten days thereafter: Provided, that if the appellant is a non-resident of the county, he can take his appeal at any time within twenty days." It is conceded the parties appealing from the probate court were non-residents of Buchanan County and, therefore, come within the twenty-day proviso.

The record discloses that the will of Josefina Weiss was admitted to probate on December 5, 1936, and Bertha Bruce was appointed

executrix. The first semi-annual settlement was filed and approved on June 11, 1937; the annual settlement was filed and approved on January 18, 1938. At the time the annual settlement was approved the probate court made an order for the sale of the real estate for the payment of legacies. Pursuant to such order, the real estate was appraised for $2100 and the report of sale was filed December 5, 1938, showing a private sale for $2000 cash, free of liens. The report was approved December 16, 1938, and the executrix ordered to execute a proper deed and to pay the loan. Final settlement was made and approved on December 19, 1938. The above motions of respondents were filed February 4, 1939, which was during the December, 1938, term, and overruled by the probate court on June 1, 1939. The affidavit for appeal to the circuit court was filed and appeal allowed June 14, 1939.

It might be well to divide these proceedings according to the terms of the Probate Court of Buchanan County. The annual settlement was filed and approved, and the sale of real estate ordered at the December, 1937, term. The report of sale of real estate was filed and approved, and final settlement filed and approved and the above motions were filed at the December, 1938, term. The motions were overruled at the March, 1939, term, to-wit, June 1, 1939. The affidavit for appeal was filed and appeal allowed at the June, 1939, term, to-wit, June 14, 1939.

It seems to be the well established rule that if any of these motions were not *necessary* and *essential* for a review of the matters under consideration by the probate court, then such motion served no useful purpose and would not extend the time within which an appeal should be taken from an order attacked by such motion. [Lucitt v. Toohey's Estate, *supra;* State ex rel. May Department Stores Co., *supra.*]

Appellant relies principally on the opinion of the Supreme Court in the Lucitt case. The court held in that case that the motions under consideration performed no legal function whatsoever,. and for that reason did not carry the case over from the judgment term to the next succeeding term. For the reasons hereinafter stated, we do not consider the court's opinion in that case as controlling in so far as the motion to remove the executrix and the exceptions filed to the settlements are concerned; but we do consider it controlling in so far as th orders of the probate court authorizing the sale of the real estate are concerned. The same conclusions apply to the decision in State ex rel. May Department Stores Co., *supra.*

We will first consider the propriety and necessity of respondents filing specific written exceptions to the final and all prior interim settlements. In In re Mills Estate, 349 Mo. 611, 162 S. W. (2d) 807, the Supreme Court discusses this question and announces the practice and rules of law at l. c. 811 as follows: "Specific statutory sanction may not exist, but the practice is for interested persons to file written

exceptions to objectionable items of a final settlement in the Probate Court. . . . The filing of exceptions has the effect of setting aside the order approving the final settlement, suspends the operation of the settlement and keeps the estate open. . . . An executor or administrator is entitled to a decision of the probate court on objections to his settlements and the privilege of abiding by adverse determinations if he so chooses.'' [See, also, State ex rel. Pargeon et al. v. McPike, et al., 243 S. W. 278.]

We conclude that the proper manner for respondents to direct the probate court's attention to alleged improper credits or charges in the various settlements was by exceptions such as were filed herein. That when such exceptions were filed they had the effect ''of setting aside the order approving the final settlement, suspends the operation of the settlement and keeps the estate open''; and that the continuing of those exceptions to a later term of the probate court would have the effect of carrying over to that term the question of approval or disapproval of the final settlement, and either party could appeal to the circuit court from the order made disposing of the exceptions. Section 283, *supra,* authorizes an appeal ''on all settlements of executors and administrators.'' It follows that the circuit court had jurisdiction to hear and decide all matters raised by the specific exceptions filed to the final settlement.

The next question for consideration is whether an appeal will lie from an order of the probate court overruling the petition to remove an executrix. We discussed that question fully and held that an appeal would lie to the circuit court from such an order. [See Scott et al. v. Scott, 173 S. W. (2d) 115.] The only possible method by which an interested party could invoke the aid of the probate court in seeking to remove an executor or administrator would be by filing a motion or petition setting out the reasons why such person should be removed. The issues to be tried could not be made in any other manner. Therefore, since this appeal was within the time allowed after the probate court overruled the motion to remove the executrix, it follows that the circuit court acquired jurisdiction of this question.

The next assignment for consideration is, did the filing of the motion to set aside the order of the probate court approving the sale of real estate carry that question over until the next term, or until the motion was disposed of by the probate court? Put another way, the question is, was it *necessary* and *essential* for respondents to file this motion before they had the right to appeal from the orders of the probate court concerning the sale of the real estate? We think it was not *necessary* and *essential* and that the motion served no useful purpose and, therefore, would not carry the case over from the judgment term to the next succeeding term, and as the appeal was not taken within the statutory period, as above referred to, the circuit court acquired no jurisdiction of this question. Lucitt v. Toohey,

*supra.* Section 283, *supra,* under sub-division 6, authorizes an appeal "on all orders for the sale of real estate; . . ." and it has been held that an order confirming such sale is but the climax of the matter, and an appeal from such order of approval will lie under the 15th sub-division of that section. [Desloge et al. v. Tucker, 196 Mo. 587-601.] This court has held that an appeal will lie from an order of sale of real estate even though no objections or exceptions were filed to the report of sale. [In re Swope's Estate, 231 Mo. App. 139, 99 S. W. (2d) 155.] In Tutt et al. v. Boyer, 51 Mo. 425, the Supreme Court held that an appeal would lie, by any person interested, from the order of sale and from the order approving the sale. The order approving the sale of real estate in question was a final judgment of the probate court. [Covington v. Chamblin, 156 Mo. 574, 587.]

From what has been said, the circuit court had jurisdiction of the motion to remove executrix and the exceptions to the settlements but did not have jurisdiction of any orders concerning the sale of real estate. It follows that that portion of the judgment which set aside the order for sale of real estate and the order approving the report of sale is erroneous.

This cause is in the nature of a proceeding in equity and will be determined *de novo* in this court. [Perkins v. Silverman, 284 Mo. 238; In re Swope's Estate, *supra.*] All questions were tried in the circuit court as one action, and there was but one judgment, and are submitted here in the same manner and will be so considered.

The trial court found there was no evidence of intentional wrongdoing on the part of the executrix and refused to remove her. We conclude, from the record, that the trial court correctly decided that issue.

On the exceptions to the settlements the court disallowed 29 items totalling $2309.74 because the executrix had paid said claims without having had them allowed as provided by law. [Section 221, Revised Statutes of Missouri, 1939.] It gave credit on said amount to the executrix for $705.58 for rents collected by her and charged to her in the settlements, thereby leaving a net surcharge against her in the sum of $1604.16. Appellant does not claim that any of the above disallowed items were allowed by the probate court as required by the statute, but argues that where legatees and distributees agree to payments of certain items they are estopped to later question them. She cites the case of Purl's Estate, 147 Mo. App. 105. That case and the argument based thereon have no application here because there is no evidence that respondents agreed to, or had any knowledge of, the payments made prior to the time the final settlement was filed. In Langston v. Canterbury et al., 173 Mo. 122, l. c. 128, the Supreme Court announced the rule which must govern in this case. It said: "The requirements of our statutes in reference to the presentation and allowance of demands against the estate of a deceased person

are so plain and unequivocal that one can scarcely misconstrue them. Claims must be exhibited to the administrator, presented to the probate court for allowance and established by proof. . . . Until a claim has been so allowed by the probate court or established by judgment of a circuit or other court of competent jurisdiction and classed by the probate court, an administrator has no right to appropriate any of the assets of the estate to its payment.'' So far as we know the opinion in that case has never been criticized. We do know that some administrators and executors do not literally follow that procedure, but when they fail to do so they act at their peril.

Appellant also cites cases announcing the rule that charges against an estate arising during the course of administration for expenses may be allowed on final settlement without prior allowance thereof. [Sec. 220, Revised Statutes of Missouri, 1939; Hoffmeyer et al. v. Mintert et al., 93 S. W. (2d) 894.] There are many other cases supporting that proposition but the items disallowed by this judgment do not fall within that category. The executrix took charge of the real estate described in the judgment without any authority from the probate court. She had no right to do so without such authority, and any expenditures for repairs, etc., were unlawful. [Secs. 129, 130, Revised Statutes of Missouri, 1939; Langston v. Canterbury, *supra*; Lanphere v. Affeld et al., 99 S. W. (2d) 36-40.] But appellant argues that when an executrix, having taken charge of real estate with the tacit consent of the heirs and collects the rents, she becomes a trustee and is duty bound to account for the rents and to pay the taxes, loan payments and keep up the necessary repairs on such real estate. We are pointed to no evidence in this record tending to prove that appellant took charge of the real estate under such circumstances. The weight of the evidence is to the contrary.

It is also argued by appellant that there was no evidence offered to question the right and justice of the items paid by her but disallowed by the trial court. That is true and it appeals to our sympathy. But equity must follow the law and no administrator or executor, under our statute, has the right to appropriate unto himself the authority of paying alleged claims unless they are presented and allowed by a court having jurisdiction to do so. [Thompson v. Thompson, 217 S. W. 863.]

It does appear that the trial court erred in two particular items in arriving at the amount of the surcharge against the executrix. In calculating the amount of rents collected by the executrix the court overlooked an item of $150 collected and charged in the inventory. The record is somewhat confusing, but if we are correct in this conclusion, then the trial court should allow this additional sum as an offset to any surcharge against the executrix.

The court also erred in not allowing the credit claimed by the executrix for payment of the deed of trust against a portion of the

real estate sold. The probate court in approving the report of sale ordered the executrix "to pay off and discharge the lien of the deed of trust now on a part of said real estate." According to the record the executrix did pay $1291.17 under authority and because of such order. She should be given credit for that amount. However, she contends that certain payments of interest on said debt made by her long prior to such order should also be allowed. To this we cannot agree. Such items were not allowed by any court and under the above decisions are not proper charges against the estate.

From what has been said. it follows that the judgment of the circuit court is correct in part and erroneous in part. Therefore, the judgment should be reversed and the cause remanded with directions to the trial court to enter judgment in accordance herewith. It is so ordered. *Cave, J.,* concurs.