In re the ESTATE OF Olon ERWIN, Deceased.

Jerry TINDLE, Mary Ann TINDLE, Martha Ann Brooks, Jerry Lee Tindle, William Tindle, Kenneth Eugene Tindle, and David Tindle, Mary Elizabeth Tindle, and Rebecca Sue Tindle, Minors, by Their Next Friend, Mary Ann Tindle, Plaintiffs-Appellants,

v.

Elsie B. ERWIN, Administratrix De Bonis Non, With Will Annexed, of the Estate of Olon Erwin, Deceased, Defendant-Respondent,

and

Benny Marie Wilson, Trustee of Mt. Gilead Cemetery, and Bodily Heirs of Jerry Tindle and Mary Ann Tindle, and Elsie B. Erwin, Individually, Defendants.

No. 11596.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 23, 1981.

Ivella McWhorter Elsey, Springfield, for plaintiffs-appellants.

Gary W. Lynch, Douglas, Douglas & Lynch, Bolivar, for defendant-respondent.

PREWITT, Presiding Judge.

Appellants appeal "from the judgment entered in this action on the 1st day of November, 1979." On that date the probate division of the circuit court denied appellants' objections to a proposed final settlement, approved the final settlement and provided for distribution of the estate's assets.

Three of appellants' points relied on complain of matters occurring in connection with their petition for construction of the decedent's will filed under § 474.520, RSMo 1969, in the probate court. They were denied the requested relief by order of the probate judge dated July 7, 1978, and an appeal was attempted to the circuit court. On June 28, 1979, the probate division of the circuit court dismissed the appeal. No appeal was taken from the order dismissing the appeal. We think that under § 472.-160.1(15), RSMo 1978, the order dismissing appellants' appeal to the circuit court was an appealable "final order or judgment of the probate division of the circuit court".

Section 474.520, RSMo 1969, was enacted as a part of the Probate Code in 1955. Prior to then, the probate court could not consider a proceeding instituted solely for the purpose of construing a will, but could construe a will to the extent required by a proceeding within that court's jurisdiction. 3 Maus, Missouri Practice, Probate Law and Practice, § 394. Even without an action under § 474.520, if there was a dispute as to the meaning of a will material to the administration of an estate or the disposition of its assets, the probate court would have to construe it in some proceeding during the administration. Section 474.520 would have no purpose if an appeal could not be taken from the court's order construing the will and a party had to wait and appeal from a different order appealable under § 472.160

or from the order approving the final settlement and ordering distribution. That would be the same situation as existed before § 474.520 was enacted.

Section 472.160 allows many matters of importance to be resolved while the estate is open, and prevents one complex appeal from all matters that occurred during administration of the estate. *State ex rel. Estate of Seiser v. Lasky*, 565 S.W.2d 792, 794 (Mo.App.1978). See also *Keet & Rountree Dry Goods Co. v. Williams*, 202 S.W. 620, 622 (Mo.App.1918). Section 472.-160 contemplates that as to any specific proceeding, all issues be fully adjudicated, or the order is not appealable. *In re Estate of Ritter*, 510 S.W.2d 188, 189 (Mo.App. 1974). When appellants' appeal was dismissed by the probate division of the circuit court, all issues relating to will construction were determined.. We believe it would be impractical, and was not intended, for will construction issues to be appealable only in connection with other appealable matters or after the final settlement is approved and the order of distribution made. The construction of the will might affect many of the proceedings in the estate and there could be a significant savings in time and labor to have a final determination on appeal before the estate has been fully administrated and is in an apparent position to be closed. We hold that issues regarding the construction of the will were final before this appeal and are not now before us.

Appellants also complain of the appointment of respondent as administratrix following the death of the executor and of the circuit court's ruling on August 9, 1979, denying appellants' motion to set aside that appointment. No appeal was taken from the order denying that motion. An appeal lies from an order refusing to remove or revoke the appointment of an administrator. *State ex rel. Kassen v. Carver*, 355 S.W.2d 324, 331 (Mo.App.1962); *Hausaman v. Bruce*, 238 Mo.App. 1173, 185 S.W.2d 32, 35 (1944); 3 Maus, Missouri Practice, Probate Law and Practice, § 566. As no appeal was taken from that order, it is final and not subject to our review.

Appellants contend that they were improperly denied two requests for change of judge. The first request stated that because of bias and prejudice they could not have an impartial hearing before the Probate Judge in their "action to construe the will". The second request was filed with their motion to set aside the appointment of the administratrix, and while it is not clear that it is limited to that proceeding, it would appear to be. Even if the requests should have been granted as to those matters, the judge retained authority to consider the remaining proceeding in the estate. If a motion for disqualification is directed to a particular matter then disqualification applies only with respect to that matter, and the remaining estate proceedings are still considered by that judge. *State ex rel. Campbell v. Kohn*, 606 S.W.2d 399, 402 (Mo.App.1980); *In re the Estate of DeGraff*, 560 S.W.2d 342, 346–347 (Mo.App. 1977). The attempts at disqualification did not relate to the order of November 1, 1979, which is the only order appealed from and before us, and the questions for which disqualification was sought are final. Therefore, the contentions regarding change of judge are denied.

In their points relied on appellants contend that the trial court erred "in permitting" respondent "to act without authority". The point does not state "wherein and why" the trial court erred and thus does not preserve anything for our review. Rule 84.04(d), V.A.M.R. Alleging error in the points relied on without asserting why the trial court's action was error preserves nothing for appellate review. *Plaster v. Standley*, 569 S.W.2d 784, 787 (Mo.App. 1978); *Barber v. M. F. A. Milling Company*, 536 S.W.2d 208, 209 (Mo.App.1976). Moreover, the record does not show what action of the trial court could be construed as "permitting" the actions of respondent nor how those acts were wrongful and prejudiced appellants. This point is denied.

Appellants also contend that the court erred in not ordering the respondent "to carry out the duty of foreclosure and

collection of assets in the estate". Appellants apparently are contending that respondent failed to contest a suit which resulted in an order enjoining respondent from attempting to foreclose property on which the estate held a deed of trust securing the payment of a note. The note and deed of trust had been given to the decedent as part payment for property purchased from him. The basis for the injunction is not apparent from the order or any other part of the record here. None of the pleadings or proceedings relating to the order are in this record. A judgment rendered by a court of competent jurisdiction is presumed valid and the party contesting the judgment has the burden to overcome that presumption. *Cloyd v. Cloyd*, 564 S.W.2d 337, 342 (Mo.App.1978). Appellants have not supplied a sufficient record for us to make a determination if there was a defense to that action or with anything which indicates the invalidity of that order. We cannot say that respondent had any duty to *foreclosure, when we have only before us* an apparently valid order that she not do so.

In their remaining point appellants contend that the trial court erred in denying their objections to the final settlement and in approving it when the settlement was based upon "questionable or incorrect inventories". Appellants contended that the inventories were incorrect and respondent offered evidence that the last inventory was correct. This was a matter for the trial court to determine as the finder of facts. Its findings were supported by substantial evidence, were not against the weight of the evidence, and no error of law appears. Thus we should affirm this finding. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

The judgment is affirmed.

All concur.