**Ardeis H. MYERS, Jr.,
Plaintiff–Appellant,**

v.

**Emily Woodworth Myers SCOTT and Missouri Highway and Transportation Commission and Commerce Bank of Kansas City, N.A., Defendants–Respondents.**

**No. WD 40726.**

Missouri Court of Appeals,
Western District.

April 10, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 29, 1990.

Robert R. Raymond, Lawrence A. Knecht, Shughart, Thomson & Kilroy, Kansas City, for Ardeis H. Myers, Jr.

Emily Woodworth Myers Scott, Leawood, Kan., pro se.

James R. Borthwick, Kansas City, for Commerce Bank of Kansas City.

Thomas W. Rynard, Jefferson City, for Missouri Highway and Transp. Com'n.

Before ULRICH, P.J., and SHANGLER and TURNAGE, JJ.

TURNAGE, Judge.

Ardeis H. Myers, Jr., personal representative of the Estate of Flora E. Myers, deceased, filed an application for reim-

bursement of $77,818.95 for expenses paid for the upkeep and preservation of real estate owned by the deceased. An administrator ad litem was appointed and after a hearing the court allowed Myers to be reimbursed in the sum of $4,354.99. Myers appeals contending that he was entitled to reimbursement of the full amount sought.[1] Reversed and remanded.

■ This is a part of the continuing litigation between the Missouri Highway and Transportation Commission and the Myerses which is chronicled in *Missouri Highway and Transportation Commission v. Ardeis H. Myers, Jr.,* 785 S.W.2d 70 (Mo. banc 1990). It would serve no purpose to repeat the lengthy history of that litigation in this opinion. Briefly stated, the Highway Commission condemned land not here involved belonging to Ardeis Myers and his wife, Flora Myers. The Commissioner's award was paid into court which the Myerses drew down and later a jury awarded $237,-000 less than the award. Thereafter, Ardeis Myers died and still later Flora Myers died. This began the lengthy litigation by which the Commission sought to recover the $237,000.

The estate involved in this case is that of Flora Myers who died on March 8, 1979. Her son, Ardeis Myers, Jr., was appointed personal representative on May 15, 1979. The only asset of substantial value inventoried in the Flora Myers estate was a house and lot at 6335 Ward Parkway in Kansas City which was appraised at $225,000.

In *Missouri Highway and Transportation Commission v. Ardeis Myers, Jr.,* the Supreme Court held that the Commission could not satisfy its demand for repayment of the $237,000 out of the assets belonging to the Estate of Flora Myers because the Commission failed to file a claim in such estate within the time allowed for the filing of claims.

The order appealed from in this case was entered in 1988 but this appeal was stayed pending the decision in *Myers,* supra. The Commission opposed the request of Myers

in the probate court because it wanted to preserve the value of the house in hopes of collecting its money from a sale of the house.

The Commission filed a brief as respondent in this case in 1988. After the holding of the Supreme Court this case was set for argument in this court. The Commission appeared and argued that it still had an interest in this case despite the ruling by the Supreme Court. The Commission argued that it had a judgment against the estate of Flora Myers as held in *State ex rel. State Hwy. Com'n v. Morganstein,* 649 S.W.2d 485 (Mo.App.1983). It further argued that it could appear as amicus curiae. The later argument may be summarily dismissed because the Commission neither sought or received leave to file a brief in this case as amicus curiae. Rule 84.05, Special Rule No. 1.

The argument that the Commission had a judgment against the estate of Flora Myers and therefore had an interest in her estate was considered and rejected by the Supreme Court.

In view of the holding of the Supreme Court, it is apparent the Commission has no interest in this appeal. The brief filed by the Commission in this appeal is ordered stricken.

Turning to the merits of the appeal by Ardeis Myers, Jr., the request for reimbursement sought those expenses which he had paid for the upkeep of the house since March 8, 1979. Myers had not sought nor obtained any order of the probate court to take possession of the real estate owned by Flora until August 26, 1987. Section 473.-263.1, RSMo 1986, provides that the executor or administrator[2] shall take possession of all personal property of the decedent except exempt property. Section 473.263.2 provides that the court may order the executor or administrator to take possession of the real estate under certain circumstances. Section 473.297 provides authority for the court to approve expenditures made on real property when such expenditures were nec-

1. Myers and the Commission are the only parties who have appeared in this court.

2. Personal representative means executor or administrator. Section 472.010(26), RSMo 1986.

essary because of imminent danger of loss or destruction. In *Hausaman v. Bruce*, 238 Mo.App. 1173, 185 S.W.2d 32, 36[12] (1944), the court held that the executrix had no right to take possession of real estate without an order from the probate court. The court held that expenditures for repairs and other expenses of the real estate made without such order were unlawful. The court held the executrix could not take credit for those expenditures on the final settlement.

In *In re Alexander's Estate*, 360 S.W.2d 92, 100[14–15] (Mo.1962), the court held that the administrator could not take credit on a final settlement for expenses of operating a farm when the operation had been carried on without an order from the probate court to take possession of the real estate. The court held that it was proper to exclude both the income and the expenses connected with the operation of the farm which were made without an order to take possession.

◼ In this case, Myers seeks reimbursement for expenses paid out of his own pocket for the maintenance and protection of the real estate prior to the time that he obtained an order to take possession. Under § 473.263 and the holding in *Hausaman* and *Alexander* it is clear that an executor or administrator has no authority to expend estate funds for the maintenance, upkeep, or operation of real estate without an order to take possession.

While Myers did not expend estate funds on the real estate without an order to take charge, he did expend money from his own funds and now seeks reimbursement from the estate. Myers simply seeks to do indirectly what he was not allowed to do directly, that is expend estate funds on real estate without a court order to take possession. Myers may not do indirectly what he cannot do directly. *Loving v. City of St. Joseph*, 753 S.W.2d 49, 51[2] (Mo.App. 1988).

The court allowed Myers reimbursement in the sum of $4,354.99 for expenditures made prior to November 18, 1987. The record does not reveal how the court arrived at that amount, but it purports to allow reimbursement for expenses paid prior to August 26, 1987, when Myers was ordered to take possession of the real estate. To that extent the order cannot stand.

Under *Hausaman, Alexander,* and § 473.263 it is clear that Myers may only be reimbursed for expenses incurred on the real estate after August 26, 1987 when he was ordered to take possession. To order reimbursement, it will be necessary for the court to hear evidence as to the expenditures made after the date of the order for Myers to take possession. The court may then enter an order for reimbursement for those expenses found to be reasonable and necessary.

The judgment is reversed and this cause is remanded for such further proceedings as Myers may pursue for reimbursement of reasonable and necessary expenses incurred in maintaining and protecting the real estate after August 26, 1987. The Commission has no standing to participate in the further proceedings which may be instituted by Myers for reimbursement.[3]

All concur.

---

**3.** The Commission has filed a motion to dismiss the appeal. Because the Commission has no interest in the estate or this appeal, the motion is overruled as moot.