In re the ESTATE OF Leta VESTER.

No. WD 56205.

Missouri Court of Appeals,
Western District.

Sept. 21, 1999.

---

**5.** Footnote 2, *supra*.

Shirley Jean Wright, Kansas City, for Appellant.

Rebecca Lake Overman, Independence, for Respondent.

PAUL M. SPINDEN, Judge.

Inez Kaiser appeals the circuit court's judgment removing her as conservator and personal representative of Leta Vester's estate. She asserts that the circuit court erred in summarily removing her as conservator because the circuit court violated her rights to due process by failing to give her notice or a hearing. She also contends that the circuit court erred in removing her as personal representative because she had no duty to pay the real estate taxes on property owned by Vester without the circuit court's order requiring her to take charge of the real estate. We reverse the circuit court's judgment.

On May 31, 1990, Kaiser was appointed conservator of Vester's estate. When Vester died on April 23, 1993, Kaiser also became personal representative of the estate. Paul Sinclair, an attorney hired by Kaiser, filed an action on behalf of Kaiser as personal representative of Vester's estate to set aside two quitclaim deeds executed by Vester under duress. The quitclaim deeds conveyed Camden County real estate to Vester's husband, Henry Vester. A jury rendered a verdict in favor of Vester's estate on March 1995. Sinclair later obtained a judgment for attorney fees for $36,026.07 against the estate.

Besides Sinclair's judgment, the only remaining claims against the estate were claims for fees by attorneys who had represented Kaiser in her capacity as personal representative or conservator of Vester's estate. Real estate taxes also had not been paid on the Camden County property for 1995, 1996, and 1997. The estate's only significant assets were several tracts of real estate. No other assets were available to pay the claims against the estate and the taxes on the property.

On January 23, 1998, Sinclair filed a motion with the probate division of the circuit court, requesting that it remove Kaiser as personal representative of Vester's estate. The motion alleged that Kaiser was incapable or unsuitable to execute the trust reposed in her, that she failed to discharge her official duties, and that she wasted or mismanaged the estate. In particular, the motion alleged that Kaiser did not liquidate the estate's assets to pay its creditors and that she should be removed for wasting or mismanaging the estate by failing to pay real estate taxes on the estate's property.

After a trial, the circuit court removed Kaiser as personal representative and conservator of Vester's estate. The circuit court found that Kaiser placed the ownership of the real estate in jeopardy by not timely and regularly paying the taxes due on the property, that she did not wind up the conservatorship and the estate, and that she mismanaged the estate's assets. The circuit court appointed Rebecca Overman Wood as conservator and personal representative of Vester's estate and ordered Wood to determine immediately whether any asset had been jeopardized by Vester's not paying real estate taxes. Kaiser appeals the circuit court's judgment that removed her as personal representative and conservator of Vester's estate.

■ In her first point, Kaiser contends that the circuit court's summarily removing her as conservator of Vester's estate violated her rights to due process.[1] She complains that she did not have notice or a hearing. In its order removing Kaiser as personal representative and conservator, the circuit court said, "Although the Motion for Removal was directed at Inez Kaiser in her capacity as 'Personal Representative' the Court is also treating the Motion as one for removal of her in her capacity as Conservator under Mo.Rev. Stat. § 475.110."

Section 475.110, RSMo 1994, says, "A ...' conservator may ... be removed on the same grounds as is provided in section 473.140, RSMo, for the removal of personal representatives." Section 473.140, RSMo 1994, provides:

If any personal representative becomes mentally incapacitated or is convicted of a felony or other infamous crime, or becomes an habitual drunkard, or in any manner incapable or unsuitable to execute the trust reposed in him, or fails to discharge his. official duties, or wastes or mismanages the estate, or acts so as to endanger any corepresentative, or fails to answer any citation and attachment to make settlement, the court, upon its own motion, or upon complaint in writing made by any person interested supported by affidavit, *after notice to the personal representative, and to the attorney of record, if any, of any personal representative who cannot be served with notice in this state, shall hear the matter* and may revoke the letters granted.[2]

The only motion before the circuit court asked it to remove Kaiser as personal rep- resentative of Vester's estate. No motion to remove Kaiser as conservator was before the court. Section 473.140 requires the circuit court to give notice to the personal representative before it can consider a motion to remove him or her. Section 475.110 provides that a conservator may be removed on the same grounds as provided in § 473.140; therefore, it affords the same notice requirements and due process protections to conservators as are available to personal representatives.

The circuit court, therefore, erred when, on its own the motion, it removed Kaiser as conservator of Vester's estate without giving notice of its intention to do so. We reverse the circuit court's judgment removing Kaiser as conservator of Vester's estate.

Kaiser also asserts that the circuit court erred in removing her as personal representative of Vester's estate for not paying real estate taxes on the property.[3] She contends that she had no duty to pay the taxes because the circuit court had not ordered her to take charge of the real estate.

The record, however, does not establish whether Kaiser operated as an independent personal representative or a supervised personal representative of Vester's estate. If Kaiser was an independent personal representative, § 473.803, RSMo 1994, would apply. It says:

Except as otherwise provided by a decedent's will, every independent personal representative has a right to, and shall take possession or control of, the decedents property, except that any real property or tangible personal property may be left with or surrendered to the person presumptively entitled thereto

---

1. Rebecca Overman Wood represented the estate on appeal and conceded that the circuit court erred in removing Kaiser as conservator of Vester's estate without giving notice of its intention to do so.

2. We added the emphasis.

3. Kaiser also complains that the circuit court erred in removing her as conservator for the same reasons. Because we reverse the circuit court's judgment removing Kaiser as conservator of Vester's estate because of its failure to give Kaiser notice that it was intending to take up the issue of whether or not Kaiser should be removed as conservator of Vester's estate, we need not address this issue.

unless or until, in the judgment of the independent personal representative, possession of the property by him will be necessary for purposes of administration. The independent personal representative shall pay taxes on, and take all steps reasonably necessary for the management, protection, and preservation of, the estate in his possession.

Moreover, § 473.810, RSMo 1994, gives an independent personal representative the authority to:

(11) Pay taxes, assessments ... and other expenses incident to the administration of the estate;

. . . .

(16) Sell, mortgage, or lease any real or personal property of the estate or any interest therein for cash, credit, or for part cash and part credit, and with or without security for unpaid balances[.]

If Kaiser was an independent personal representative, no order from the circuit court was required for Kaiser to take charge of the real estate and to pay the taxes. She had the authority to do so and the responsibility to "take all steps reasonably necessary for the management, protection, and preservation of, the estate[.]" Section 473.803.

▮▮▮▮ If, however, Kaiser was an independent personal representative, Sinclair had to file "a petition to revoke the provision of letters testamentary or of administration authorizing independent administration." Section 473.833.1, RSMo 1994. If the circuit court determined that Sinclair had more than a nominal interest in the estate, the circuit court would then order a hearing on the petition. Section 473.833.2. After the hearing, the circuit court could order supervised administration, deny the petition conditioned upon the performance of some act by the personal representative or grant such other

relief as it deemed appropriate. Section 473.833.4. In addition, "[I]f the court [found] that the actions of the independent personal representative [had] resulted in loss to the estate, the court [could], in addition to ordering supervised administration, remove the personal representative and enter a judgment against him and his sureties[.]" Section 473.833.4.

If Kaiser was an independent personal representative, Sinclair and the circuit court did not follow the procedures set forth in § 473.833. The circuit court's order did not require supervised administration. Moreover, in removing Kaiser as personal representative, the circuit court did not find that Kaiser's actions resulted in "loss to the estate" as required by § 473.833.4. Instead, the circuit court found that her action "placed the ownership of [real estate] in jeopardy." On the other hand, if Kaiser was a supervised personal representative,[4] the circuit court also did not follow the correct procedures. Section 473.263, RSMo 1994, provides:

1. Every executor or administrator has a right to and shall take possession of all the personal property of the decedent except exempt property of the surviving spouse and unmarried minor children, and administer it in accordance with this law.

2. The court, on its own motion or on the motion of any interested person, may order the executor or administrator to take possession of the real estate of the decedent when necessary for the payment of claims or for the preservation thereof. When ordered to take possession of real estate, the executor or administrator shall pay the taxes and collect the rents and earnings thereon until the estate is settled or until delivered by order of the court to the distributees.

4. The motion filed by Sinclair to remove Kaiser as personal representative seemingly assumes that Kaiser was a supervised personal representative because it invokes the grounds for removal as set forth in § 473.140. Section 473.833.5 says, "After an order revoking authorization for independent administration

has been entered, the administration of the estate shall proceed under the provision of this chapter other than section 473.780 to 473.843." Section 473.140, therefore, would control the removal of a supervised personal representative.

This provision has been interpreted by several courts to mean that "an executor or administrator has no authority to expend estate funds for the maintenance, upkeep, or operation of real estate without an order [from the court] to take possession [of the real estate]." *Myers v. Scott*, 789 S.W.2d 802, 804 (Mo.App.1990); *Hausaman v. Bruce*, 238 Mo.App. 1173, 185 S.W.2d 32, 36 (1944); and *In re Alexander's Estate*, 360 S.W.2d 92, 100 (Mo.1962).

Section 473.263.2 imposes a duty on the executor or administrator to pay taxes only when the circuit court orders him or her to take possession of real estate. *See Crigler v. Frame*, 632 S.W.2d 94, 96 (Mo.App.1982). "The first sentence of [§ 473.263.2] makes it clear that the executor or administrator will take possession of the real estate of the decedent only when ordered to do so by 'the court,' that is 'the probate division of the circuit court.' § 472.010(6)." *Id.; see also Clapper v. Chandler*, 406 S.W.2d 114, 120 (Mo.App. 1966).

At trial, Kaiser testified that she served as an independent personal representative. The minutes of Vester's estate, however, designated the estate type as "supervised administration." We do not find in the record an order by the circuit court ordering Kaiser to take possession of Vester's real estate. Without such an order, Kaiser had no obligation to pay the taxes on the property. *See In re Jackson's Will*, 291 S.W.2d 214, 223 (Mo.App.1956). Thus, the circuit court erred in removing Kaiser as a supervised personal representative because of her failure to pay taxes on Vester's real estate.

For these reasons, whether Kaiser served as an independent personal representative or as a supervised personal representative, the circuit court's judgment was erroneous. Because Sinclair and the circuit court did not follow the procedures set forth in § 473.833, it could not remove Kaiser as the independent personal representative. Moreover, because Kaiser had no obligation to pay the property taxes on Vester's real estate without an order from the circuit court to take possession of the property, the circuit court erred in removing her as a supervised personal representative for failing to pay property taxes.

We reverse and remand this case to the circuit court to reinstate Kaiser as conservator and personal representative of Vester's estate.[5]

PATRICIA BRECKENRIDGE, Presiding Judge, and VICTOR HOWARD, Judge, concur.

---

5. Because we reach this conclusion, we need not address Kaiser's remaining points that the circuit court abused its discretion in appointing a successor personal representative and conservator without requiring the successor to file a bond and in considering a petition to remove her that was not supported by an affidavit.