

# In the Missouri Court of Appeals
# Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| IN THE MATTER OF: E.S.S. | ) | No. ED112400 |
| | ) | |
| | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| | ) | Cause No. 2222-PR00207 |
| | ) | |
| | ) | Honorable Elizabeth B. Hogan |
| | ) | |
| | ) | FILED: October 1, 2024 |

### Opinion

Mother appeals from an order of the probate division of the circuit court *sua sponte* removing her as the conservator of her minor son's (Minor's)[1] estate. Among the five points raised on appeal, Mother argues in Point Five that the circuit court erred in removing her as conservator of Minor's estate without notice. Specifically, Mother identifies the requisite notice provisions found in § 473.140[2] governing removal of personal representatives for guardianships, which is incorporated by reference to the relevant probate code for removal of conservators pursuant to § 475.110. We hold the circuit court erred by failing to comply with the notice provisions of § 473.140 before *sua sponte* entering an order removing Mother as conservator following a hearing on her petition for reimbursement of expenses incurred on behalf of Minor

---

[1] Names are redacted pursuant to § 509.520, RSMo (Cum. Supp. 2023).
[2] All statutory references are to RSMo (2016), unless otherwise noted.

and Minor's estate. In so holding, we grant Point Five, which is dispositive of the appeal, as all points exclusively challenge Mother's conservatorship removal. Accordingly, we reverse the circuit court's order as to the removal of Mother's conservatorship and affirm the order in all other respects pursuant to Rule 84.14.[3] We remand for the circuit court to reinstate Mother as conservator.

## Background

On July 25, 2022, Mother was appointed conservator of Minor's estate, which was established with the proceeds of Father's life insurance policy following Father's untimely death when Minor was fifteen years old. Mother is Minor's natural mother and Father's ex-wife. Mother and Minor live together in the City of St. Louis.

Mother filed a Petition on January 9, 2024, seeking reimbursement for various expenses incurred on behalf of Minor and Minor's estate and authorization of a monthly stipend from Minor's estate for Minor's living expenses until he turned eighteen years old. The Petition also disclosed that Minor was receiving survivor's benefit payments from the Social Security Administration ("SSA") following Father's death. The Petition detailed how Mother's dire financial situation led her to seek relief from Minor's estate to care for Minor.

The cause proceeded to a hearing before the Deputy Probate Commissioner (Commissioner) on January 16, 2024, at which both Mother and Minor testified. Mother received no pre-trial notice that her role as conservator was at issue. At the hearing, Commissioner criticized Mother's commingling of Minor's SSA benefits into her personal account and lack of accounting for the spending of those benefits following Father's death. Despite this remonstration, there was no mention of removing Mother as conservator.

---

[3] All Rule references are to Mo. R. Civ. P. (2024).

Following the hearing, the Commissioner entered an order, confirmed and entered by the circuit court on January 26, 2024, granting Mother's petition in part and denying it in part. Relevant to this appeal, the order also *sua sponte* removed Mother as conservator for Minor's estate on the grounds that Mother commingled Minor's SSA benefits into her personal account and spent the entirety while keeping no accounting of approximately $64,000 of Minor's SSA benefits, thereby failing in her duties and responsibilities as required by RSMo Chapter 475. The order appointed the St. Louis Public Administrator (Respondent) as successor conservator. Mother now appeals.

## Standard of Review

"A court-tried probate case is reviewed under the standard of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976)" and will be affirmed "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Estate of Washington*, 603 S.W.3d 885, 888 (Mo. App. E.D. 2020) (internal quotation omitted). Questions of law, such as statutory interpretation, we review *de novo*. *Estate of Andress*, 624 S.W.3d 894, 899 (Mo. App. E.D. 2021) (citing *State ex rel. Nothum v. Walsh*, 380 S.W.3d 557, 561 (Mo. banc 2012)). "This Court's primary rule in interpreting statutes is to ascertain the intent of the legislature from the language used in the statute, considering the words in their plain and ordinary meaning, and to give effect to that intent." *Id.* (citing *Li Lin v. Ellis*, 594 S.W.3d 238, 241–42 (Mo. banc 2020)).

## Discussion

At issue in this case is whether the circuit court followed the proper statutory notice procedure for removing Mother as conservator of Minor's estate.

Section 475.110 governs removal of a conservator of a minor's estate. The statute sets forth the following ways in which a conservatorship or guardianship for a minor, incapacitated, or disabled person may be terminated:

> When a minor ward has attained the age of fourteen years, the guardian of his or her person may be removed on petition of the ward to have another person appointed guardian if it is for the best interests of the ward that such other person be appointed. When the spouse of an incapacitated or disabled person is appointed his or her guardian or conservator, such spouse shall be removed as guardian or conservator upon dissolution of his or her marriage with the incapacitated or disabled person. *A guardian or conservator may also be removed on the same grounds as is provided in section 473.140 for the removal of personal representatives.*

§ 475.110.1 (emphasis added). Because Minor did not petition to have another person appointed as conservator—to the contrary, he consented to Mother's conservatorship and the relief sought in her Petition—the applicable removal language here is that "[a] guardian or conservator may also be removed on the same grounds as is provided in [§] 473.140 for the removal of personal representatives." § 475.110.1; *In re Estate of Vester*, 4 S.W.3d 575, 577 (Mo. App. W.D. 1999) (interpreting the same statutory language in RSMo (1994)). The due-process notice requirements of § 473.140 afforded to personal representatives thus extend to conservators. § 475.110.1; *Vester*, 4 S.W.3d at 577.

The incorporated statute outlining the procedure for removing personal representative provides as follows:

> If any personal representative becomes mentally incapacitated or is convicted of a felony or other infamous crime, or becomes an habitual drunkard, or in any manner incapable or unsuitable to execute the trust reposed in him, or fails to discharge his official duties, or wastes or mismanages the estate, or acts so as to endanger any corepresentative, or fails to answer any citation and attachment to make settlement, *the court, upon its own motion,* or upon complaint in writing made by any person interested supported by affidavit, *after notice to the personal representative*, and to the attorney of record, if any, of any personal representative who cannot be served with notice in this state, *shall hear the matter and may revoke the letters*

4

***granted.***

§ 473.140 (emphases added).  Section 473.140 thus provides that a circuit court cannot remove a conservator on its own motion without giving notice to the conservator.  *Vester*, 4 S.W.3d at 577.

In *Vester*, one party was appointed as both the conservator and personal representative of an estate.  *Id.* at 576.  A motion was filed to remove that party as the personal representative, alleging she mismanaged the estate by failing to liquidate assets to pay creditors and taxes.  *Id.* Following a hearing on the motion, the circuit court removed the party as personal representative ***and as conservator***.  *Id.*  On appeal, *Vester* held the circuit court erred when it removed the party as conservator of the estate on its own motion because it failed to give notice of its intention to do so.  *Id.* at 577.  *Vester* explained:

> Section 473.140 requires the circuit court to give notice to the personal representative before it can consider a motion to remove him or her.  Section 475.110 provides that a conservator may be removed on the same grounds as provided in § 473.140; therefore, it affords the same notice requirements and due process protections to conservators as are available to personal representatives.

*Id.*

The facts here are even more compelling for reversal than in *Vester*.  In that case, there was a noticed and litigated motion to remove the party as personal representative, even though there had been no motion to remove her as conservator.  *Id.*  Contrastingly, here, the only operative filings were Mother's Petition and its supporting affidavit and memorandum in support as well as Minor's consent to the Petition's requested relief.  No motion was made to remove Mother as conservator of Minor's estate, nor was the issue raised in the order setting the Petition for a hearing.  When the hearing was conducted, the record contains no mention of the possibility of Mother being removed as conservator.  Neither the Commissioner nor circuit court gave any indication that such a possibility was being considered.  While the record certainly conveys the

5

probate division's concerns over Mother's money management, particularly on the issue of commingling and accounting, Mother had no notice whatsoever that the circuit court would *sua sponte* enter an order removing her as conservator.[4]  Given this lack of notice and opportunity to respond at a hearing to the removal question, the circuit court cannot be said to have complied with the statutorily-mandated due-process procedure for removing Mother as conservator.  *See id.* (citing § 473.140, § 475.110.1).

Respondent suggests the circuit court was nevertheless authorized to remove Mother as a conservator without notice by § 475.097.  We recognize that § 475.097 permits a circuit court to appoint a guardian or conservator ad litem with or without notice.  § 475.097.1 ("If a natural or appointed guardian or conservator is not effectively performing his duties and the court further finds that the welfare of the minor or incapacitated or disabled person requires immediate action, it may, with or without notice, appoint a guardian or conservator ad litem for the minor or incapacitated or disabled person.").  Contrary to Respondent's argument, however, § 475.097 does not permit a circuit court to **remove** a conservator without notice.  Even in the event a conservator ad litem is appointed, such appointment is expressly "limited in duration to the period preceding the hearing on a petition for appointment or removal of a permanent guardian or conservator."  § 475.097.1.

When interpreting incorporated statutes, "[t]he entire legislative act must be construed together, and if reasonably possible, all provisions must be harmonized."  *Mosley v. English*, 501 S.W.3d 497, 505 (Mo. App. E.D. 2016) (internal quotation omitted).  As set forth in *Vester*, should a circuit court (or probate Commissioner) find cause under § 475.110 and § 473.140 to consider a conservator's removal given the evidence, it must comply with the statutory due-

---

[4] The notice issue is dispositive, thus we do not reach other issues raised on appeal, including the question of whether federal law preempts Missouri probate code with respect to commingling and accounting of SSA benefits.

6

process notice requirements in order to proceed with that removal, which requires notice and a hearing. *See* §§ 473.140, 475.110; *Vester*, 4 S.W.3d at 577. In this case, the circuit court misapplied the law by failing to accord Mother notice prior to issuing its order removing her as conservator of Minor's estate. *See Washington*, 603 S.W.3d at 888 (internal quotation omitted). The appeal is granted.

Conclusion

The judgment of the circuit court is affirmed in part and reversed in part. We remand for the circuit court to reinstate Mother as conservator of Minor's estate.

_____
Rebeca Navarro-McKelvey, J.

Lisa P. Page, P.J. and
Kurt S. Odenwald, J., concur.